868 So.2d 1045 (2004)
Larry BULLINS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00454-COA.
Court of Appeals of Mississippi.
March 23, 2004.
*1046 B. Leon Johnson, Clarksdale, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. On February 4, 2003, Larry Bullins was tried before a Grenada County Circuit Court jury for sale of cocaine and found guilty. Because he was a repeat offender he was sentenced to thirty years without parole. Bullins' motion for a new trial and his motion for judgment notwithstanding the verdict were denied. He appeals and cites the following errors:
I. DID THE TRIAL COURT ERR IN DENYING BULLINS' MOTION FOR A NEW TRIAL?
II. DID THE TRIAL COURT ERR IN DENYING BULLINS' MOTION FOR A DIRECTED VERDICT OR A JNOV?
¶ 2. Finding no merit, we affirm the ruling of the trial court.

FACTS
¶ 3. On July 27, 2000, the North Central Narcotics Task Force and Agent Calvin Jones began an undercover operation to purchase illegal drugs in Grenada, Mississippi. Jones was working undercover with Wayne Haymon, a confidential informant. Before dispatching to the area to make the buy, Jones searched the informant and the car they were using for drugs. Jones also set up camera equipment for recording any drug purchases. Jones and Haymon then proceeded in an unmarked car to Cherry Street in Grenada where they met Bullins. Haymon, who was riding in the passenger seat, asked Bullins for crack cocaine. They discussed the amount of cocaine Haymon wanted to buy. Bullins then walked down the street three houses and returned with what appeared to be two pieces of crack cocaine. Bullins held the substance in his hand and broke one of the pieces. Jones reached over and took two of the pieces from Bullins' hand in exchange for twenty dollars.
¶ 4. After the transaction was complete, Jones returned to the post-buy location and put the substance in a labeled evidence bag which was sealed and identified by Jones' initials. Jones gave the evidence bag to Agent Noah Coffee with the North Central Narcotics Task Force. Coffee then placed the evidence in a locker to which only he had a key.
¶ 5. At trial, Agent Jones identified Bullins as the person who sold the cocaine. *1047 He also identified a plastic bag containing crack cocaine and fleeting images of the substance as shown in a videotape which was played for the jury. The video that was shown to the jury revealed the crack cocaine in Bullins' hand only briefly. There was no audio of the drug transaction due to low batteries. Jones testified that the videotape was an accurate representation of the cocaine purchase as it had occurred on July 27, 2000. Haymon died prior to trial.
¶ 6. Agent Coffee testified that he took the cocaine to the Mississippi Crime Lab, where it was submitted for scientific identification. Teresia Hickman, a forensic analyst with the Mississippi Crime Lab, testified that she analyzed the substance submitted by Coffee and determined its chemical composition to be crack cocaine. On cross examination, she was asked how many pieces of the substance was shown to be in the bag. She acknowledged that the report indicated only one piece. Hickman admitted that she could not remember how many pieces of cocaine were included in the evidence bag, stating that she merely tested the substance inside and determined that it was cocaine. At the conclusion of the prosecution's case in chief, the defense moved for a directed verdict which was denied by the court. The defendant called no witnesses. The jury returned a verdict of guilty and Bullins was sentenced to thirty years.

I. DID THE TRIAL COURT ERR IN DENYING BULLINS' MOTION FOR A NEW TRIAL?
¶ 7. A motion for new trial goes to the weight of the evidence. Grant v. State, 762 So.2d 800 (¶ 10) (Miss.Ct.App. 2000). The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss. 1998). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182.
¶ 8. Bullins asserts the verdict was against the overwhelming weight of the evidence and the trial court erred when it failed to grant his motion for a new trial. Bullins argues the video does not show him placing the alleged crack cocaine in Jones' hand. Bullins also questions the discrepancies between Jones' testimony that two rocks of cocaine were purchased and the Mississippi Crime Lab's report which indicated only one rock of crack cocaine was received.
¶ 9. In his testimony, Jones gave an eyewitness account of the drug transaction. He identified Bullins in court as the person to whom he gave twenty dollars in exchange for crack cocaine. There was also a videotape of the transaction.
¶ 10. The State provided credible testimony that the material produced at trial was the same material Jones purchased from Bullins. Through its witnesses, the State showed the chain of custody from the undercover agent Jones to Noah Coffee, the senior agent in the North Central Narcotics Task Force, who placed the evidence into a secure evidence locker at the North Central Narcotics Task Force. The record reflected that the substance submitted to the lab was sealed and marked for identification and showed no signs of tampering. *1048 The trial court properly admitted these facts into evidence. Wells v. State, 604 So.2d 271, 277 (Miss.1992).
¶ 11. Accepting as true all evidence favorable to the State, this Court concludes that the evidence supports the jury's findings. This assignment of error is without merit.

II. DID THE TRIAL COURT ERR IN DENYING BULLINS' MOTION FOR A DIRECTED VERDICT OR A JNOV?
¶ 12. Bullins contends the evidence is not sufficient to support his conviction. Motions for directed verdict and JNOV involve consideration of the evidence before the court at the time the motions are made. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The same standard is used to review denied motions for both directed verdict and JNOV. These motions implicate the legal sufficiency of the evidence as opposed to the weight of the evidence. See Wetz v. State, 503 So.2d 803, 808 n. 3 (Miss.1987).
¶ 13. The standard for assessing the legal sufficiency of the evidence requires that the judge accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn and to disregard evidence favorable to the defendant. McClain, 625 So.2d at 778. This Court may only reverse if one or more elements of the offense has not been proven, and the evidence is such that reasonable fairminded jurors could only find the accused not guilty. Id.
¶ 14. This Court finds that all of the elements of the offense were proven. The evidence of Bullins' guilt is overwhelming. This Court affirms the trial court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.