GRIFFIS, J.,
for the Court.
¶ 1. On July 16, 2003, Robert Cox was convicted of the sale of cocaine and sentenced to eighteen years in the custody of the Mississippi Department of Corrections and five years of post-release supervision. Cox was also ordered to pay a fine of $5,000.
*191 ¶ 2. Cox filed a motion for judgment notwithstanding the verdict or in the alternative a new trial. The trial court denied this motion. On appeal, Cox argues that the trial court erred in denying his motion for JNOV or in the alternative a new trial since an exchange of drugs was not shown and the confidential informant was not thoroughly searched.
STANDARD OF REVIEW
¶ 3. We must consider all of the evidence in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. We may reverse only where the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Gleeton v. State, 716 So.2d 1083, 1087 (Miss.1998) (overruled on other grounds by Miss. Transp. Comm’n v. McLemore, 863 So.2d 31 (Miss.2003)).
ANALYSIS
¶ 4. Cox contends that the trial court erred in denying his motion for JNOV and, in the alternative, for a new trial on the basis that the jury’s verdict was contrary to the overwhelming weight of the evidence. Cox argues that the videotape introduced by the prosecution did not show cocaine being exchanged between the parties.
¶ 5. Recently, in Bullins v. State, 868 So.2d 1045, 1046 (Miss.Ct.App.2004), the defendant was charged with and convicted of the sale of cocaine. After the trial court denied his motion for JNOV and new trial, Bullins appealed claiming that the videotape did not show the drug exchange. Id. At trial, the narcotics agent testified that he searched the informant and the car they were using for drugs. Id. The narcotics agent identified Bullins as the person who sold the cocaine and a videotape was shown that revealed the cocaine in Bullins’ hand briefly. Id. at 1046-47. However, there was no audiotape of the drug transaction due to low batteries. Id. at 1047. Upon review, this Court held that the evidence supported the jury’s findings and affirmed the trial court’s decision convicting Bullins of the sale of cocaine. Id. at 1048.
¶ 6. Here, as in Bullins, the narcotics agent and the confidential informant gave the jury an eyewitness account of the drug transaction. They identified Cox as the person who sold the drugs. A videotape and audiotape of the transaction was admitted into evidence. Accepting as true all the evidence favorable to the State, we conclude that the evidence supports the jury’s findings. Thus, this argument is without merit.
¶ 7. Cox also contends that the narcotics agent did not thoroughly search the confidential informant prior to the transaction. However, the trial transcript indicates that the confidential informant was properly searched. The narcotics agent testified that he searched the confidential informant for drugs, paraphernalia, and weapons and then wired him with recording equipment. As a result, we find an adequate search was conducted.
¶ 8. When the evidence is conflicting the jury will be the sole judge of the credibility of witnesses. Kircher v. State, 753 So.2d 1017, 1029(¶ 56) (Miss.1999). After hearing all evidence, the jury returned a guilty verdict. In viewing the evidence in the light most favorable to the verdict, we do not find that the trial court erred in denying Cox’s motion for JNOV or in the alternative a new trial.
¶ 9. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CON *192 VICTION OF SALE OF COCAINE AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS’ POST-RELEASE SUPERVISION AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.