795 So.2d 569 (2001)
Willie Walter MOSES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00287-COA.
Court of Appeals of Mississippi.
July 31, 2001.
Morris Sweatt Sr., Columbia, Vicki Lachney Gilliam, Jackson, Attorneys for Appellant.
Office of the Attorney General by Scott Stuart, Jackson, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, and CHANDLER, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Willie Walter Moses was convicted in one trial on nineteen separate counts in a multi-count indictment alleging various acts of criminal sexual misconduct with *570 two different minor females. Moses has appealed those convictions to this Court. Finding reversible error as to all convictions, we reverse. As to twelve of the counts, we reverse and remand and, as to the remaining seven counts, we reverse and render a judgment of acquittal.

I.

Facts
¶ 2. Moses was indicted in October 1998 in a single indictment charging him with twenty-two separate incidents of sexual activity involving two females, both initially alleged to be under the age of fourteen years at all relevant times. Counts One through Fifteen pertained to one victim and Counts Sixteen through Twenty-Two related to the second victim. As has become the custom in such matters, we will not refer to the alleged victims by name; rather, we will refer to them as Child A and Child B.
¶ 3. This appeal deals only with convictions on Counts One through Thirteen and Counts Sixteen through Twenty One since, at the conclusion of the State's proof, the trial court directed a verdict in favor of the defendant as to Counts Fourteen, Fifteen, and Twenty-Two.
¶ 4. Counts One through Thirteen of the indictment were identical in language. Those counts each charged Moses as follows:
During a period of time between June 1994 and September 1997 the defendant being a male over the age of eighteen (18) years did wilfully, unlawfully, feloniously and forcibly rape, ravish and carnally know [Child A], a female under the age of fourteen (14) years, contrary to and in violation of Section 97-3-65(1) of the Mississippi Code of 1972, as amended.
(Section 97-3-65 has been amended from the form that was in effect at the times relevant to this case. For purposes of clarity, there is attached as Addendum A to this opinion the text of Section 97-3-65 as it relates to the charges against Moses.)
¶ 5. Counts Sixteen and Seventeen were identical in language and charged acts of sexual battery of Child B by the insertion of Moses's penis into the vagina of Child B in violation of Section 97-3-95 of the Mississippi Code. These two counts, like Counts One through Thirteen, charged only that the offenses occurred some time between June 1994 and September 1997.
¶ 6. Counts Eighteen through Twenty One were identical in language. The charge under these counts was as follows:
Willie Walter Moses, being then and there a male person above the age of eighteen (18) years, and for the purpose of gratifying his lust and for the purpose of indulging his depraved licentious sexual desires, did wilfully, unlawfully and feloniously touch with his hand the private parts of [Child B], a female child under the age of fourteen (14) years, contrary to and in violation of Section 9-5-23 of the Mississippi Code of 1972, as amended.
¶ 7. As may be observed, none of these four counts purported to specify the date, or even a range of dates, that the alleged violation occurred.
¶ 8. Moses filed a motion to quash the indictment for failing to inform him with the necessary specificity of the crimes for which he stood accused. He alleged, among other things, that a span of some thirty-nine months was too broad to permit him any real opportunity to formulate an effective defense to the charges. In the alternative, Moses asked that the State be required "to provide more specific dates, times and places of the occurrences...."
*571 ¶ 9. There is nothing in the record to indicate that the trial court formally ruled on Moses's motion. Piecing together facts as best we can from the record, it would appear that the State may have furnished the defense with a report prepared by an organization identified as "the Sexual Assault Crisis Center." This report apparently narrowed (or, in the case of Counts Fifteen through Twenty-Two, identified for the first time) the time frame in which each of the alleged incidents was said to have occurred. Unfortunately, the report was not made a part of the record, and neither was the indictment formally amended to set out the more narrow range of dates nor to provide other factual details for each incident that may have been reflected in the crisis center report.
¶ 10. We gather, from our review of the record, that, once some attempt was made to correlate the information in the crisis center report with the counts in the indictment, it was discovered that the alleged incidents supporting Counts Seven through Thirteen probably occurred outside the already overly-broad thirty-nine month range alleged in the indictment. In fact, based on the best evidence available to the State, these seven incidents seemed to have occurred after Child A had passed her fourteenth birthday.
¶ 11. The trial court's solution to this was to permit the State to proceed to try those seven counts on the theory of a forcible rape of a person fourteen years old or older under Section 97-3-65(2) of the Mississippi Code. We reconstruct this course of the trial from various bits of dialogue in the record since there was no formal order in the record or even a formal ruling from the bench amending any of the counts of the indictment in this regard.
¶ 12. The only firm indication of any attempt to actually amend the indictment related to Counts Sixteen and Seventeen involving Child B. Just prior to beginning trial, the court permitted the State to amend Counts Sixteen and Seventeen to change the alleged instrument of sexual penetration from the defendant's penis, as charged in the indictment, to his finger. These amendments were orally allowed over Moses's timely objection that they were substantive in nature and, thus, could only be accomplished by the grand jury; however, no formal written order accomplishing these amendments appears in the record.

II

Failure to Quash the Indictment
¶ 13. An indictment serves a valuable purpose in the criminal process. Its purpose is to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense and to enable him to effectively assert his constitutional right against double jeopardy in the event of a future prosecution for the same offense. U.S. v. Gordon, 780 F.2d 1165, 1169 (5th Cir.1986). In furtherance of that underlying purpose, Uniform Rules of Circuit and County Court Rule 7.06(5) requires, as an essential element of an indictment, a statement of "[t]he date and, if applicable, the time at which the offense was alleged to have been committed." URCCC 7.06(5). We have little doubt in determining that this indictment, in the form returned by the grand jury, did not adequately fulfill its purpose. Multiple accusations of crimes that are, word for word, identical to each other simply cannot by any logical argument provide the necessary information that a defendant is entitled to receive by way of the indictment.
*572 ¶ 14. No formal amendment of the indictment was ever undertaken to narrow the dates of the alleged offenses or to attempt to differentiate the facts of the separate alleged incidents by providing even the sketchiest facts of what was alleged to have occurred. We can only speculate as to what information was contained in the crisis center report since it is not a part of the record nor was there any effort on the record to formally recognize the information in that report as constituting the underlying basis for the indictment. In its absence, it cannot be maintained that the report itself cured any defects in the indictments.
¶ 15. We understand that, as to the provision of an exact date for the offense, the Mississippi Supreme Court has relaxed this provision to some extent in cases involving sexual abuse of children. The court has done so in recognition of the fact that, due to a child's inherent lack of awareness of dates and the secretive circumstances under which such offenses normally occur, it is often difficult to pinpoint the exact time of the offense. See, e.g., Eakes v. State, 665 So.2d 852, 860 (Miss.1995); Daniel v. State, 536 So.2d 1319, 1326 (Miss.1988). Despite this concession borne of necessity, the court has also said that, "in cases of this nature, it is important that a defendant be given the specific date or dates of the alleged acts if at all possible." Wilson v. State, 515 So.2d 1181, 1183 (Miss.1987). Expanding further on that point, the court affirmed a conviction in Morris v. State only upon concluding that, in narrowing the dates of the alleged offenses to a period between March and May of 1986, "the State could not narrow the time frame any more than it did." Morris v. State, 595 So.2d 840, 842 (Miss.1992).
¶ 16. In the case before us, it is patently clear that the State, in drafting the repetitively identical and essentially uninformative counts of this indictment, made no effort to narrow the dates of the separate offenses in any meaningful way. We do not, therefore, face the situation where the State, after its best investigative effort, could only narrow the span of time for an offense to a period in excess of three years. The problems with requiring a defendant to present a defense to such an accusation seem self-evident but we may leave for another day the question of whether the problems are of sufficient gravity to bar the State from proceeding with a prosecution in that circumstance. In this case, there is no question but that the State was aware of information that would have easily permitted it to provide substantially shortened ranges of dates for each offense, together with other relevant facts that would have more specifically identified the alleged incident upon which that count was based. For reasons not apparent in this record, and for which we can find no reasonable excuse, the State declined to do so, proceeding instead to subject Moses to prosecution on multiple criminal counts relying solely on an indictment that was fundamentally ineffective to properly inform him of even the most basic circumstances giving rise to the charges against him.
¶ 17. To attempt to charge multiple separate felonies by using identical language for each crime, including an identical span of time that the crimes were alleged to have occurred, fails woefully to fulfill the fundamental purpose of an indictment. It is also clear that this basic failure in the form of the charging document could not be, and was not, cured by proof received during the trial. Copeland v. State, 423 So.2d 1333, 1336 (Miss.1982).
¶ 18. We find it necessary, on this basis, to reverse all of the convictions. Because we reverse on the ground of trial error, in that Moses was convicted on a *573 defective indictment, and not on any ground that suggests an insufficiency of the State's proof, we do not render a verdict of acquittal. Rather, we simply remand this case for such further proceedings as would have been appropriate had the trial court properly acted on Moses's motion attacking the form of the indictment. However, as to certain of the convictions, there are other concerns raised in this appeal that, if found to have merit, would appear to require that the convictions on those counts be reversed and rendered. We will, therefore, consider them at this time.
¶ 19. The amendments apparently permitted by the trial court to change the charge in Counts Seven through Thirteen from that of carnal knowledge of a child under the age of fourteen years to that of forcible rape of a person over the age of fourteen years was, beyond question, one of substance and not of form. The constituent elements of the two crimes are materially different. In the case of a child under the age of fourteen years, consent is not an issue at trial since it does not constitute a defense. Collins v. State, 691 So.2d 918, 923-24 (Miss.1997). However, as to the forcible rape of a person fourteen years of age or older, a claim that the alleged victim consented to the encounter may be offered as a defense and, upon proper proof, that defense may be submitted to the jury for resolution. Under the decision of the Mississippi Supreme Court in Griffin v. State, we are obligated to view the matter as if the purported amendment were a nullity and that the State proceeded to trial on the indictment in its original form. Griffin v. State, 584 So.2d 1274, 1275-76 (Miss.1991). Viewing the evidence in that light, the State's own proof demonstrated that the alleged events supporting Counts Seven through Thirteen occurred at a time when the alleged victim was over the age of fourteen years. Based upon that proof, it is self-evident that Moses would have been entitled to a directed verdict of acquittal under the indictment in its original form. Therefore, as to those counts, we reverse and render Moses's conviction.
¶ 20. This brings us finally to the amendments permitted as to two of the counts involving Child B, where the court permitted the State to amend the indictment to change the alleged instrument of penetration from the defendant's penis to his finger. This Court has recently held that such an amendment, absent some showing that the defendant was actually prejudiced in the preparation of his defense, is permissible as one of form rather than substance, since under either scenario, the same underlying offense has been committed. Chandler v. State, 789 So.2d 109 (¶ 4) (Miss.Ct.App.2001). We, therefore, do not find separate error requiring us to reverse and render a judgment of acquittal as to these two charges.

III.

Additional Errors
¶ 21. We further note, as plain error, that there were substantial shortcomings in the manner in which the jury was instructed in this case. The trial court only offered one generic instruction as to the elements of each of the various crimes set out in the indictment. None of these few pattern instructions purported to relate to a particular count in the indictment, either by reference to a date or to any particular set of facts. These generic instructions were followed by a single "form of the verdict" instruction containing multiple substantially similar verdict forms that essentially said only that "As to Count [insert appropriate number] if you find from the evidence beyond a reasonable doubt that the defendant, Willie Walter *574 Moses is guilty of [insert the name of the crime charged in that particular count], the form of your verdict may be ... we, the jury, find the defendant guilty...." Nowhere in the instructions is there a mention of a date or range of dates for any particular offense or any guidance to the jury as to how it was to relate any particular piece of evidence to that specific count in the indictment. It would be impossible, on the face of this record, to undertake any meaningful analysis of whether the State met its burden of proof on any count since there is no logical means by which the evidence may be tied to a particular incident. In that light, we find particularly relevant this statement of the supreme court in the Wilson case:
We would also instruct the trial court that it is even more important that a specific date be included in the jury instructions than in the indictment. It would be no great task to include the date(s) established by the evidence.
Wilson v. State, 515 So.2d at 1183.
¶ 22. While it may be cumbersome to attempt to try twenty-two separate felony charges in a single trial, that fact does nothing to diminish the gravity of a possible conviction on any one of the multiple criminal charges. There simply are no shortcuts available to the due process requirements of the criminal process, which include, at a minimum, a complete disclosure of the nature of the charges through the indictment, specific proof by competent evidence showing the commission of the act beyond a reasonable doubt, and a submission of the case for decision to a jury that is fully instructed as to both the law pertaining to the essential elements of the crime and those critical facts it must find to have occurred as to each charge in order to convict. We are satisfied beyond dispute that this proceeding fell short of those fundamental standards that must be met in order to convict Moses in this case.
¶ 23. We reiterate that Counts 14, 15 and 22 of the indictment are not before us because the trial court directed a defendant's verdict as to those counts at the close of the evidence. We reverse and remand as to all counts before us in this appeal except Counts Seven through Thirteen. As to those seven counts, we reverse and render a verdict of acquittal.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE TERMS OF THIS OPINION AS TO COUNTS ONE THROUGH SIX AND COUNTS SIXTEEN THROUGH TWENTY-ONE. THE JUDGMENT OF THE CIRCUIT COURT IS REVERSED AS TO COUNTS SEVEN THROUGH THIRTEEN AND A JUDGMENT OF ACQUITTAL AS TO THOSE COUNTS IS RENDERED. THE COSTS OF THIS PROCEEDING ARE ASSESSED TO MARION COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.

ADDENDUM "A"
§ 97-3-65. Rape; carnal knowledge of child under fourteen years of age.
(1) Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, shall be sentenced to death or imprisonment for life in the State Penitentiary; provided, however, any person thirteen (13) years of age or over but under eighteen (18) years of age convicted of such crime shall be sentenced to such term *575 of imprisonment as the court, in its discretion, may determine. In all cases where the child is under the age of fourteen (14) years it shall not be necessary to prove penetration of the child's private parts where it is shown the private parts of the child have been lacerated or torn in the attempt to have carnal knowledge of the child.
(2) Every person who shall forcibly ravish any person of the age of fourteen (14) years or upward, or who shall have been convicted of having carnal knowledge of any person above the age of fourteen (14) years without such person's consent, by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.