¶ 28. I concur as to Issues I, II, and IV. With respect for the majority, I dissent from its decision to affirm on Issue III. I find that Goodin was prejudiced when the State amended Count II of the indictment from rape to sexual battery. Therefore, I would reverse and render Goodin's conviction as to Count II.
 ¶ 29. "This Court has often held that trial courts have no authority to grant substantive amendments to indictments."Davis v. State, 684 So.2d 643, 660 (Miss. 1996). "It is hornbook law that a prosecutor has no power to alter the substance of an indictment, either through amendment or variance of the proof at trial without the concurrence of the grand jury." State v. Berryhill, 703 So.2d 250, 258
(Miss. 1997). The test of whether a change to the indictment is one of substance is "whether or not a defense under the indictment of information as it originally stood would be equally available after the amendment is made." Griffin v.State, 540 So.2d 17, 21 (Miss. 1989) (quoting Reed v.State, 506 So.2d 277, 279 (1987)). Therefore, an indictment may only be amended at trial if the amendment is immaterial to the merits of the case and the defense will not be prejudiced by the amendment. Lester v. State,692 So.2d 755, 774-75 (Miss. 1997).
 ¶ 30. As the supreme court has recently explained:
 Thus, taken together, this authority sets forth the following test for analyzing an amendment to an indictment for the purpose of removing surplusage: (1) the removal of the surplusage must not change the substance of the offense charged; (2) the defendant must be afforded a fair opportunity to present a defense and must not be unfairly surprised; (3) the removal of the surplusage must not materially alter the essential facts of the offense; and (4) the removal of the surplusage must not alter a defense under the original indictment.
Lee v. State, 944 So.2d 35, 40 (¶ 16) (Miss. 2006) (emphasis added).
 ¶ 31. In Rhymes v. State, 638 So.2d 1270
(Miss. 1994), it was error to amend an indictment from charging one type of sexual battery to another type of sexual battery. Specifically, Rhymes's original indictment charged him with sexual battery "of a female under the age of fourteen."Id. at 1272. The victim was actually 26. Id.
After the jury was impaneled, the state moved to amend the indictment to charge sexual battery of a female "over fourteen years." Id. Because he was entitled to a directed verdict under the original indictment, the amendment was one of substance and "beyond the power of the circuit court and requires Grand Jury action to correct. It was reversible error for the circuit court to amend the indictment." Id.
at 1276.
 ¶ 32. This Court likewise came to the same conclusion where an indictment was amended from charging one type of rape to another type of rape. Moses v. State, 795 So.2d 569,573 (¶ 19) (Miss.Ct.App. 2001). Originally, Counts Seven through Thirteen charged Moses with raping a female under the age of fourteen. Id. at 570 (¶ 4). It was later discovered that the complainant was over fourteen at the time.Id. at 571 (¶ 10). "The trial court's solution to this was to permit the State to proceed to try those seven counts on the theory of *Page 362 
a forcible rape of a person fourteen years old or older."Id. at (¶ 11). The Court held this amendment:
 was, beyond question, one of substance and not of form. The constituent elements of the two crimes are materially different. In the case of a child under . . . fourteen . . . consent is not an issue. However, as to the forcible rape of a person fourteen . . . or older, . . . consent . . . may be offered as a defense.
Id. at 573 (¶ 19). Because it was "self-evident that Moses would have been entitled to a directed verdict of acquittal under the indictment in its original form" the Court reversed and rendered the convictions under these counts.Id.
 ¶ 33. I believe Rhymes and Moses instruct our decision here. Count II originally charged Goodin with rape. Specifically, Count II originally read:
 JAMES ROBERT GOODIN
 . . . .
 COUNT II in said County and State on the [sic] from the 1st day of June, A.D., 2002 through the 31st day of May, 2003, did willfully, unlawfully and feloniously against her will rape, ravish and carnally know [T.L.], a female human being, and at the time of said rape the said JAMES ROBERT GOODIN was eighteen (18) years of age or older by forcibly inserting his penis inside the rectum of [T.L.]; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
The only difference between Counts I and II was that Count I contained the word "vagina" instead of "rectum." There were no specific statutes cited. The only words that give notice of the charge the state was seeking were "against her will rape, ravish and carnally know" and "said rape."
 ¶ 34. After both sides rested, and after the court approved jury instructions, Count II was amended to charge sexual battery. Specifically, the phrase "rape, ravish and" and the word "rape" were deleted from the indictment. Defense counsel objected because the defenses of lack of vaginal penetration and lack of force were no longer available. In fact, the reason the State asked for and the trial court granted the amendment was because these elements could not be proven. It is telling that in opening arguments, both the State and defense counsel told the jury that the defendant was charged with rape only. Further, the State submitted a rape instruction on Count II. After the amendment, the court allowed the State to withdraw its rape instruction and substitute a sexual battery instruction. The defendant's instructions still read that defendant was charged with rape. After both sides rested, and after the amendment was allowed, the State told the jury that he was charged with rape and sexual battery.
 ¶ 35. Rape is defined as "forcible sexual intercourse with any person." Miss. Code Ann. § 97-3-65(4)(a) (Rev. 2006). "Sexual intercourse" is limited to penis-vagina penetration. Miss. Code Ann. § 97-3-65(6) (Rev. 2006). Sexual battery in this case was "sexual penetration with another person without his or her consent." Miss. Code Ann. § 97-3-95(1)(a) (Rev. 2006). "Sexual penetration" is much broader than "sexual intercourse" and includes sodomy. Miss. Code Ann. § 97-3-97(a) (Rev. 2006).
 ¶ 36. Like Rhymes and Moses, the amendment in the instant case was prejudicial, because before the amendment, Goodin was entitled to a directed verdict on Count II. Rhymes, 638 So.2d at 1272; Pittman v.State, 836 So.2d 779, 785 (¶ 21) (Miss.Ct.App. 2002) (no evidence of vaginal penetration). This is because there was no *Page 363 
sexual intercourse. This is an essential element of rape that is not an element of sexual battery. The issue of sexual intercourse was material to the merits of the State's case. The amendment changed the entire offense charged. The circuit court was without authority to change the crime charged. Only the Grand Jury would have that authority.
 ¶ 37. As the majority discusses, another implication was an available defense of lack of force. Force is also an essential element of rape that is not an element of sexual battery. The majority reasons, however, that Goodin's actual defense below was not lack of force. To the contrary, this was the very defense discussed in Issue II. Furthermore, all that is required is that "a" defense is no longer available.Lee, 944 So.2d at 40 (¶ 16). Here, lack of force was one such defense. This argument also does not take into account that Goodin had the best defense of all: he was actually innocent of committing the crime of rape.
 ¶ 38. Finally, the majority reasons that Goodin knew he was "charged with `forcibly inserting his penis inside [T.L.'s] rectum.'" I must respectfully disagree. What Goodin knew was that he was "charged with" the crime of rape for committing the above sexual penetration. As the record indicates, the prosecution, the trial court, the defense, and the jury (before the amendment) all knew that the only thing the State sought was a conviction of rape in Count II. If the indictment was not sufficient to put the State and trial court on notice, it certainly is not enough to put the defendant on notice.
 ¶ 39. Another reason this case requires reversal is that Goodin did not have the opportunity to put on a defense, let alone "prepare" a defense to the crime of sexual battery for which he was ultimately convicted. He could neither cross-examine witnesses nor use compulsory process to that end. Unlike Rhymes and Moses, the amendment did not take place until after the defense rested. If it was nevertheless error for the trial court in Rhymes to grant a continuance to allow the defendant time to prepare a defense to that amended indictment, surely it is error for this trial court to have denied Goodin even that luxury.
 ¶ 40. I would reverse and render the conviction of Count II, and affirm the conviction of Count I.
LEE, P.J., and CHANDLER AND ROBERTS, JJ., JOIN THIS SEPARATE OPINION.