KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 33. I respectfully disagree with the majority’s conclusion that the trial court did not err in failing to quash Counts IV, V, VI, and VII of Tapper’s indictment.
¶ 34. The Sixth Amendment of the federal constitution guarantees that “In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.” U.S. Const, amend. VI. The Mississippi Constitution also grants this right to those accused: “In all criminal prosecutions the accused shall have a right ... to demand the nature and cause of the accusation.” Miss. Const, art. 3, § 26. In Uniform Circuit and County Court Rule 7.06, this Court expounded on these constitutional provisions by requiring, among other things, that the indictment contain a “definite written statement of the essential facts constituting the offense charged,” fully notifying the defendant of the nature of the charges against him. Moreover, we require that an indictment contain “(1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.” Berry v. State, 996 So.2d 782, 786 (Miss.2008) (quoting Gilmer v. State, 955 So.2d 829, 836-37 (Miss.2007)).
¶ 35. In this case, Counts IV, V, VI, and VII of Tapper’s indictment were worded as follows:
in Jackson County, Mississippi, on or between June 1, 2006, and August 19, 2006, being at the time in question over the age of eighteen (18) years, for the purpose of gratifying his lust, or indulging his depraved licentious sexual desires, did unlawfully, willfully and felo-niously handle, touch or rub with his hand, or any part of his body, or any member thereof, the vagina of [L.P.] a child who was at the time in question under the age of sixteen (16) years, con *105 trary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
Tapper does not deny that this language adequately provides the essential elements of the crime of touching a child for lustful purposes in violation of Mississippi Code Section 97-5-23(1). Tapper does assert that the essential facts set forth in the indictment were insufficient to inform him of the nature of the charges against him. He argues that, in addition to the fact that the lengthy time span alleged in the indictment prevented him from establishing a reasonable defense, the identical and undifferentiated language in Counts IV-VII of Tapper’s indictment rendered it impossible for him to put forth any kind of reasonable defense to the multiple, indistinguishable charges against him.
¶ 36. While this Court has not been faced with the question of whether a multi-count indictment containing identical, form-copied language in multiple counts is constitutionally sufficient, Mississippi’s Court of Appeals has addressed this question in an insightful and well-reasoned opinion. In Moses v. State, 795 So.2d 569 (Miss.Ct.App.2001), Moses was charged in a single indictment with twenty-two counts of sexual activity with two females under the age of fourteen. Id. at 570. Counts One through Thirteen of Moses’s indictment were indistinguishable, and each of those counts charged Moses as follows:
During a period of time between June 1994 and September 1997 the defendant being a male over the age of eighteen (18) years did wilfully, unlawfully, felo-niously and forcibly rape, ravish and carnally know [Child A], a female under the age of fourteen (14) years, contrary to and in violation of Section 97-3-65(1) of the Mississippi Code of 1972, as amended.
Id. at 570. Likewise, Count Sixteen, which charged Moses with sexual battery, was identical to Count Seventeen, and Count Eighteen, which charged Moses with gratification of lust, was identical to Counts Nineteen and Twenty-One. Id. A jury convicted Moses of each and all of these nineteen counts. Id. at 569.
¶ 37. Upon review, the Court of Appeals held:
We have little doubt in determining that this indictment, in the form returned by the grand jury, did not adequately fulfill its purpose. Multiple accusations of crimes that are, word for word, identical to each other simply cannot by any logical argument provide the necessary information that a defendant is entitled to receive by way of the indictment.
[[Image here]]
To attempt to charge multiple separate felonies by using identical language for each crime, including an identical span of time that the crimes were alleged to have occurred, fails woefully to fulfill the fundamental purpose of an indictment.
Id. at 571-72. Correctly, the Court reversed each of Moses’s nineteen convictions. Id. at 572.
¶ 38. The majority attempts to distinguish Moses by noting that, in the Moses case, the State had information that would have delineated between the charges but failed to provide that information to the defendant. The majority finds that no such evidence existed in the present case, and that this lack of evidence somehow excuses the State from properly charging the defendant. Yet, the constitutional duty to notify the accused of the charges against him, via the indictment, rests with the State, as does the burden of proving its case beyond a reasonable doubt, and these duties are not relieved simply because the requisite information is outside the State’s knowledge.
*106 ¶ 39. The United States Court of Appeals for the Sixth Circuit also has addressed the issue of charging a defendant with multiple, identical charges and has found that practice to be unconstitutional. In Valentine v. Konteh, 395 F.3d 626, 628 (6th Cir.2005), Valentine had been charged with and convicted of forty counts of sexual abuse. The forty counts in the indictment entered against Valentine consisted of “20 ‘carbon-copy’ counts of child rape, each of which was identically worded so that there was no differentiation among the charges and 20 counts of felonious sexual penetration, each of which was also identically worded.” Id. The time range during which the alleged acts occurred was from March 1, 1995, to January 16, 1996; however, the Court’s analysis did not focus on whether the specified time span prevented Valentine from establishing a reasonable defense, but instead on whether the multiple identical counts prevented Valentine from establishing a reasonable defense. Id. at 631-33.
¶ 40. In addressing this question, the federal appeals court noted that “[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.” Id. at 631 (quoting Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948)). The Valentine Court went on to say:
If there had been singular counts of each offense, the lack of particularity would not have presented the same problem. Instead, the problem is that within each set of 20 counts, there are absolutely no distinctions made. Valentine was prosecuted for two criminal acts that occurred twenty times each, rather than for forty separate criminal acts. In its charges and in its evidence before the jury, the prosecution did not attempt to lay out the factual bases of forty separate incidents that took place. Instead, the 8-year-old victim described “typical” abusive behavior by Valentine and then testified that the “typical” abuse occurred twenty or fifteen times. Outside the victim’s estimate, no evidence as to the number of incidents was presented.
Given the way Valentine was indicted and tried, it would have been incredibly difficult for the jury to consider each count on its own. The jury could not have found Valentine guilty of Counts 1-5, but not Counts 6-20. Nor could the jury have found him guilty of Counts 1, 3, 5, and 7, but not the rest. Such a result would be unintelligible, because the criminal counts were not connected to distinguishable incidents. The jury could have found him “not guilty” of some of the counts only if they reached the conclusion that the child victim had overestimated the number of abusive acts. Just as courts should not permit abuse prosecutions to be defeated due to the limited ability of child victims to remember precise temporal details, they should for similar reasons not permit multiple convictions to stand based solely on a child’s numerical estimate.
Id. at 632-33.
¶ 41. The Court concluded that the use of identical and undifferentiated language in the multiple counts in Valentine’s indictment failed to give him adequate notice of the essential facts of the crimes charged, depriving him of the opportunity of mounting a reasonable defense. Id. at 636.
¶ 42. Here, as in Moses and Valentine, the State’s use of identical and undifferentiated language in Tapper’s indictment foreclosed Tapper’s having any possibility *107 of putting forth a reasonable defense. The indictment’s noninclusion of the distinguishing facts unique to each charge, however slight, limited Tapper’s defense to nothing more than mere denial, and left Tapper to defend himself, not against four distinct criminal acts, but against one criminal act that allegedly occurred four times, with absolutely nothing to distinguish one such occurrence from the other three. Clearly, Tapper’s desire to know the basic facts he was to face at trial, including where, and approximately when, his accusers claimed they occurred, is not beyond his constitutional right to be informed of the nature and cause of the accusations against him. U.S. Const, amend. VI; Miss. Const, art. 3, § 26.
¶ 43. In its struggle to breathe validity into the cookie-cutter, repetitive language of Counts IV, V, VI, and VII of the Tapper indictment, the majority places reliance on this Court’s decision in Eakes v. State, 665 So.2d 852 (Miss.1995), which cites Morris v. State, 595 So.2d 840 (Miss.1991). Both cases are easily distinguished from the one at hand.
¶44. In Eakes, 665 So.2d at 860, the defendant was convicted of three counts of sexual battery, and claimed on appeal that the indictment was defective because, among other things, it did not contain specific dates. However, Eakes’s indictment clearly distinguished each of the charged crimes from the others by alleging that they had occurred at separate and distinct times: “on, about or between December 1, 1990 and December 24, 1990; February 1, 1991 and April 20, 1991; and on or about May 11 and 12, 1991.” Id. (internal quotations omitted).
¶45. In Morris, 595 So.2d 840, the charging allegations of the one count of touching a child for lustful purposes and two counts of sexual battery that were before the court are not recited in the published opinion, and that decision gives no indication that the sort of linguistic cloning afflicting Counts IV, V, VI, and VII of the Tapper indictment was under consideration by the Morris court. Rather, the focus in that case was on the times of the alleged offenses, especially on the teenaged victim’s inability to testify to exact dates on which the several acts of sexual assault had occurred. Duplicative charging language simply was not the concern of the Court in the Morris case, and the majority’s reliance on that decision is misplaced.
¶ 46. Obviously, the issues raised in Eakes and Morris are vastly different from the dilemma presented in the case at bar, where four identically worded fondling episodes, all against the same child, are alleged to have occurred during a span of time that the prosecution ultimately narrowed, by amendment, to seventy-eight consecutive days (“on or between June 1, 2006 and August 17, 2006”). No one can read the four fondling counts in the Tapper indictment and determine which of the alleged events is said to have happened first, which last, or which was Number Two or Number Three. Moreover, no one can tell whether Number One, Two, Three, or Four actually was Number Five, or even Number Six. It must be remembered that the proof adduced by the prosecution included the statement of L.P. that there were “about five” fondling episodes. The indictment alleged four, which, arguably, is “about five.” The same can be said of six.
¶ 47. What is more, an indictment must contain “sufficient facts to enable [the defendant] to. plead double jeopardy in the event of future prosecution for the same offense.” Berry, 996 So.2d at 786 (quoting Gilmer, 955 So.2d at 836-837). See U.S. Const. amend. V (“nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb”); Miss. *108 Const. art. 8, § 22 (“[n]o person’s life or liberty shall be twice placed in jeopardy for the same offense”). Here, the vagueness of the identically worded counts in Tapper’s indictment prevents him from pleading double jeopardy. Tapper, like this Court, does not know the specific acts of which he has been convicted, and he is, as this Court is, unable to ascertain whether he is currently being punished twice (or more for that matter) for a single act.
¶ 48. As for the evidence presented at trial, L.P. gave a mere estimate of the number of times she was molested, without providing individualized details concerning four separate occurrences. The prosecutor “proved” the four separate counts as follows:
Q: [Addressing the child by name], how many times do you think you were touched that summer of 2006?
A: About five.
No other evidence of the number of incidents was presented; therefore, there was no way for the jurors to consider each of the four counts separately, as they most certainly should have done. If the jury believed from the evidence, beyond a reasonable doubt, that Tapper was guilty of one of the counts, the only way to have found him not guilty on any one or more of the three remaining counts would have been for the jurors to have thought that the child’s estimate of the number of occurrences was too high.
¶ 49. Despite the child’s guess that the number of fondling assaults by Tapper was “about five,” the grand jury indicted him for only four such offenses. As there is no statute of limitations for this crime, there is nothing to prevent a future grand jury’s indicting Tapper for a fifth felonious fondling of this child during the two-and-a-half-month period alleged in the indictment. Indeed, this record contains just as much evidence of five fondling offenses as it does of four. If Tapper is indicted in the future for one count of fondling this same child, during the same time period and in the same county and state, and the charge is worded exactly the same as the four fondling counts in the instant indictment, how will anyone, including this Court, be able to determine whether he previously was tried (placed in jeopardy) for a fifth identical charge? Obviously, no one will be able to do that, and Tapper will be unable to assert double jeopardy in the event of subsequent prosecution(s) for the same conduct. Given that he does not know — as the record does not disclose— any specific act of fondling for which he was indicted and convicted, any double jeopardy argument that may be raised by Tapper will be tenuous at best.
¶ 50. Under this Court’s decisions and the rules it has promulgated, defendants in criminal cases are entitled to a mere fraction of the pretrial discovery information that is routinely accorded to litigants in civil cases. Because the criminally accused in Mississippi courts can get no clarification, explanation, or amplification of the charge(s) laid in an indictment by means of a bill of particulars, and comparatively little through discovery, the indictment is the defendant’s main source of information about the “who, what, when, and where” of the State’s accusations against him or her. See Cumbest v. State, 456 So.2d 209, 221 (Miss.1984) (“[A]n accused is not entitled to a bill of particulars on an indictment.”) (citations omitted). The indictment is far more than a mere formality, and a charging document that takes a shotgun approach to accusing a person of the very same conduct, word-for-word, four different times, with nothing to distinguish one charge from the others in terms of details or times, falls fatally short of properly informing the accused of the nature and cause of accusation(s), as man *109 dated by our state and federal constitutions.
¶ 51. Today’s decision very well could provide a disincentive for those who investigate and prosecute cases of juvenile sex abuse in our state to be diligent in their efforts to ascertain the unique circumstances that will inevitably distinguish repetitious occurrences of the same type of crime by repeat offenders against children who are victimized again and again. It is elementary that nothing ever happens in precisely the same way more than once. Deja vu is always an illusion, never a reality. I join the majority in imploring Mississippi’s prosecutors “to be as specific as possible in drafting indictments, consistent with the provisions of Uniform Rule of Circuit and County Court Practice 7.06, in all cases, but specifically in cases involving allegations of sex offenses committed upon minor children.”
¶ 52. Counts IV, V, VI, and VII of the indictment should have been quashed for failing to inform Tapper of the nature and cause of the accusations against him in violation of the Sixth Amendment of the United States Constitution and Article 3, Section 26, of the Mississippi Constitution, and because these counts are constitutionally infirm for their clear violation of the former jeopardy provisions of the Fifth Amendment to the United States Constitution and Article 3, Section 22, of the Mississippi Constitution. Accordingly, I would reverse and render Counts IV, V, VI, and VII, but I would affirm the convictions and sentences for all of the remaining counts.
GRAVES, P.J., DICKINSON AND LAMAR, JJ., JOIN THIS OPINION.