LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Anthony Prenell Jones was convicted in the Forrest County Circuit Court of armed robbery. He was sentenced as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. Jones filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the trial court denied.
¶ 2. Jones now appeals, arguing the following issues: (1) the State was improperly allowed to amend the habitual-offender portion of the indictment to change the date of a prior conviction, and (2) the trial court failed to include an order in the record amending the indictment. Finding no reversible error, we affirm.
FACTS
¶ 3. A masked man entered the Circle K Convenience Store in Hattiesburg, Mississippi, and demanded money from the store clerk. The man pointed a .22-caliber handgun at the store clerk, Samuel Chap-pell, and demanded money. Before exiting the store, the robber grabbed several packages of cigarettes. He dropped some of the packages on the floor as he left.
¶ 4. Chappell called the Hattiesburg Police Department. Chappell was unable to identify the robber. Jon Byrd, a latent fingerprint examiner, collected prints from the cigarette packages dropped by the robber. He found three prints that matched Jones’s fingerprints. A warrant was issued, and Jones was arrested at his mother’s home. Police found a .22-caliber revolver, a box of bullets, a .22 cartridge, a stocking hat, and cash.
DISCUSSION
I. ERROR IN INDICTMENT
¶ 5. Jones argues that the indictment against him was fatally defective because it contained erroneous information regarding his status as a habitual offender.
¶ 6. Jones was sentenced under Mississippi Code Annotated section 99-19-81 (Rev.2007), which states:
*933 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 7. The pen pack submitted to the trial court reflects three prior felonies committed in Michigan, two of which were cited by the State of Mississippi in the indictment. On February 4, 2002, Jones was convicted of two charges: attempted unlawful driving away of an automobile and fleeing from a police officer. The cause number for these two convictions is 02-009352-FH-U. Jones was sentenced on February 25, 2002, but he was not incarcerated for these offenses until October 7, 2002, when he was detained for an unrelated fleeing offense that occurred on September 15, 2002. The cause number for the third offense is 02-010651-FH-R. Jones was convicted of this offense on October 21, 2002, and sentenced on November 15, 2002.
¶ 8. Jones argues that the indictment contains substantive errors regarding his prior felonies. The enhancement portion of the indictment states:
(1) On October 07, 2002, he, the said ANTHONY PRENELL JONES, was convicted in the Circuit Court of Gene-see County, Michigan, in Cause No. 02-009352-FH-U, of the felony of Attempt Unlawful Driving Away an Automobile, and, on October 07, 2002, in said Court was sentenced to a term of twenty to thirty (20-30) months in the custody of the Michigan Department of Corrections; and
(2) On October 07, 2002, he, the said ANTHONY PRENELL JONES, was convicted in the Circuit Court of Gene-see County, Michigan, in Cause No. 02-010651-FH-R, of the felony of Attempt Police Officer-Feeling [sic]-Third Degree, and, on October 07, 2002, in said Court was sentenced to a term of twenty to thirty (20-30) months in the custody of the Michigan Department of Corrections ....
¶ 9. The indictment erroneously states that Jones was convicted and sentenced on October 7, 2002, for both cause numbers 02-009352-FH-U and 02-010651-FH-R. Jones objected at the sentencing hearing, arguing that he was only prepared to defend against the sentences that occurred on October 7, 2002. His defense was that the two crimes for which he was sentenced on October 7, 2002, arose from the same incident and, thus, did not meet the requirements of section 99-19-81. The trial court continued Jones’s sentencing, giving both parties a week to consider the applicability of the Michigan convictions.
¶ 10. At the rescheduled sentencing hearing, the State continued to assert that both offenses were distinct. However, the prosecutor informed the trial court that the date of cause number 02-010651-FH-R was incorrect. The State argued the correct date was November 15, 2002, and it sought to amend the indictment to modify what it deemed a scrivener’s error. Jones’s counsel objected to any post-trial amendment. The trial court did not rule on the State’s motion to amend the date of the second predicate offense. Instead, based on what it deemed adequate proof that Jones had committed prior “separate and distinct crimes,” the trial court found Jones qualified as a habitual offender.
*934 ¶ 11. “The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by an appellate court.” Davis v. State, 866 So.2d 1107, 1110 (¶ 11) (Miss.Ct.App.2003). The purpose of an indictment “is to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense.... ” Moses v. State, 795 So.2d 569, 571 (¶ 13) (Miss.Ct.App.2001). While Uniform Rule of Circuit and County Court 7.06(5) requires dates to be listed in the indictment, it goes on to state that the failure to cite the correct date in an indictment shall not render the indictment insufficient.
¶ 12. Despite the absence of the amendment to the indictment correcting the date, we find that the indictment contained sufficient information for Jones to prepare a defense. The incorrect date amounted to a scrivener’s error. It affected the form of the indictment, not its substance. Jones was put on notice by the two cause numbers cited in the indictment of the charges the State intended to use to prove Jones’s habitual-offender status. We also find that the two charges arose from separate incidents. Cause number 02-009352-FH-U stemmed from a car jacking that took place on December 23, 2001. On that date, Jones punched a Michigan man in the face, breaking his glasses, then stole the man’s car. On December 26, 2001, police spotted Jones in the stolen car and pursued him. He fled, but he was arrested a few weeks later on January 12, 2002. Jones was charged with three counts related to the theft and flight. He ultimately pleaded guilty to two felony offenses, only one of which — attempted unlawful driving away of a motor vehicle— was listed as a predicate offense.
¶ 13. The second pi'edicate office— cause number 02-010651-FH-R — occurred on September 15, 2002, when the Michigan State Police attempted to stop a vehicle for driving seventy-two miles per hour in a forty-five mile-per-hour zone. The driver refused to stop, and the police gave chase. The suspect eventually crashed the car and fled on foot. The driver was later identified as Jones. This charge was separately brought, and Jones pleaded guilty on October 21, 2002.
¶ 14. We find that Jones was put on notice of the prior convictions by the introduction of the pen pack from Michigan, which listed the two cause numbers. We also find that the two charges were separate and distinct. Further, Jones was given seven days after the jury reached its verdict to prepare a defense to his sentencing as a habitual offender. This issue is without merit.
¶ 15. An additional error in the indictment concerns the length of the sentence for one of the predicate offenses. The indictment shows that Jones was sentenced to twenty to thirty months’ imprisonment on each count. The pen pack shows that offense number 02-009352-FH-U resulted in a thirty-six month probationary sentence. The sentence for 02-010651-FH-R was twenty to thirty months, which was correctly shown in the indictment. We find the mistake as to the length of the sentences is immaterial as all the sentences were over one year. Also, as to cause number 02-010651-FH-R, the indictment states that the felony charged was the “attempt” to flee from a police officer. This is incorrect. The predicate offense to which Jones pleaded guilty was the completed act of fleeing. Jones did not raise this issue during sentencing or on appeal. Regardless, we find that the errors were to form rather than substance and did not prejudice Jones’s defense. *935 The indictment cites the correct cause numbers and jurisdiction where the offenses occurred. We also find this issue without merit.
II. ABSENCE OF ORDER AMENDING INDICTMENT
¶ 16. Next, Jones argues that the indictment was ineffective because the order amending the indictment was not made part of the record as required by Mississippi Code Annotated section 99-17-15 (Rev.2007).
¶ 17. Section 99-17-15 states:
The order of the court for amendment of the indictment, record or proceedings provided in Section 99-17-13 shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, and shall have the same effect as if the indictment or other proceeding were actually changed to conform to the amendment; and wherever necessary or proper for the guidance of the jury, or otherwise, the clerk shall attach to the indictment a copy of the order for amendment.
¶18. During the sentencing hearing, the State moved to amend the indictment to correct one of the prior conviction dates from October 7, 2002, to November 15, 2002. Jones’s counsel objected to the amendment. However, the amendment was not made to the indictment nor was it mentioned further by the trial court. No objection was made to the absence of the order granting or denying the State’s motion to amend the indictment.
¶ 19. Regarding orders to amend an indictment, the Mississippi Supreme Court has held that “[t]he State is required to make sure that such an order appears in the record and the defense is required to object to the absence of such order if it wishes to preserve this point for appeal.” Reed v. State, 506 So.2d 277, 279 (Miss.1987). Neither the State or defense followed through with this requirement. Thus, this issue was not properly preserved for appeal. Notwithstanding the procedural bar, we will address whether the variance in the indictment and the proof is fatal to Jones’s case.
¶ 20. In Leonard v. State, 972 So.2d 24, 28 (¶ 11) (Miss.Ct.App.2008), Randy Leonard’s indictment stated an incorrect date. The State moved to amend the indictment to reflect the correct date, and Leonard objected. Id. The trial court did not originally rule on the motion, but it later granted the motion to amend. Id. However, the State did not see to it that the trial court entered an order allowing the amendment of the indictment. Id. at 29 (¶ 17). This Court found that the issue then became “whether the variance in the indictment and the proof is fatal to Leonard’s case.” Id. As stated above, failure to state the correct date in an indictment shall not render the indictment insufficient. URCCC 7.06(5). As we find that the variance in the indictment is one of form only, it did not prejudice Jones’s defense or the theory of his case. This issue is procedurally barred and without merit.
¶ 21. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, *936 CARLTON AND RUSSELL, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.