LEE, C.J.,
for the Court:
¶ 1. Rodney Hills appeals the Pike County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Hills pleaded guilty in the Pike County Circuit Court to the sale of cocaine within 1,500 feet of a church and conspiracy to distribute cocaine. On Count I, the sale of cocaine within 1,500 feet of a church, Hills was sentenced to sixteen years in the custody of the Mississippi Department of Corrections (MDOC). On Count II, conspiracy to distribute cocaine, he was sentenced to twenty years with sixteen years to serve in the custody of the MDOC and four years of post-release supervision. The sentences in Counts I and II were ordered to run concurrently. Hills was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007), and his sentence was enhanced under Mississippi Code Annotated section 41-29-142 (Rev. 2009) for selling a controlled substance within 1,500 feet of a church.
¶ 3. Hills filed a PCR motion with the trial court. His motion was dismissed with prejudice. Hills appeals, asserting the following issues: (1) he was erroneously sentenced as a habitual offender; (2) his counsel was ineffective for failing to object to the habitual-offender portion of the indictment; and (3) his sentence was unconstitutional. Finding no error, we affirm the trial court’s dismissal of Hills’s PCR motion.
STANDARD OF REVIEW
¶ 4. A trial court’s dismissal of a PCR motion will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. HABITUAL OFFENDER
¶ 5. Hills argues he received an illegal sentence as a habitual offender because the indictment did not include the judgment dates of his prior felonies as required by Uniform Rule of Circuit and County Court 11.03(1).
¶ 6. Rule 11.03(1) states:
*693 In cases involving enhanced punishment for subsequent offenses under state statutes:
I. The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.
Because no objection was made to the indictment at the sentencing hearing, Hills argues on appeal the absence of the judgment dates is plain error. See Flora v. State, 925 So.2d 797, 811 (¶ 42) (Miss.2006) (“If no contemporaneous objection is made at trial, a party must rely on the plain[-]error rule to raise the assignment of error on appeal”).
¶ 7. We find no plain error occurred. While the indictment did not specifically use the phrase “date of judgment,” it did include the dates Hills pleaded guilty to each prior crime, the nature of the crimes, the cause numbers, the sentencing dates, the length of each sentence, and the location in the minute books where each sentence was recorded. This information was more than sufficient to put Hills on notice of the prior crimes used to charge him as a habitual offender. See Mitchell v. State, 58 So.3d 59, 61 (¶ 10) (Miss.Ct.App.2011). Further, Hills stated under oath that he understood he was pleading guilty as a habitual offender under a plea agreement. He stated that he understood the maximum sentences of the charges against him and the recommended sentences being offered under the plea bargain. This issue is without merit.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 8. Next, Hills argues his attorney was ineffective for failing to object to the missing judgment dates in the indictment.
¶ 9. In order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “First, the convicted defendant must show that counsel’s representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006) (internal citations omitted). Further, since Hills pleaded guilty, he must show that but for his counsel’s error he would not have pleaded guilty; he would have instead insisted on going to trial; and the ultimate outcome would have been different. Id. at (¶ 7).
¶ 10. As stated in Issue I, Hills’s indictment was sufficient to notify him of the prior convictions used to enhance his sentence. Hills has not shown how the outcome of the proceedings would have been different had his attorney objected to the indictment. This issue is without merit.
III.ILLEGAL SENTENCE
¶ 11. In this issue, Hills argues he received an illegal sentence and was denied due process of law because the judgment dates were missing from the indictment. This argument was addressed in Issue I and found to be without merit. As stated above, Hills was put on notice of the prior crimes used to enhance his sentence. This issue is without merit.
¶ 12. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
*694 IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.