FAIR, J., for the Court:
¶ 1. Sheldon Nathan appeals the dismissal of his motion for post-conviction relief in which he asserted his indictment was defective.
¶2. The indictment charging Nathan with forgery and conspiracy to commit forgery was amended on March 19, 2007, to charge him as a habitual offender. On September 11, 2009, Nathan filed a written petition to enter a plea of guilty to the indictment, which was accepted by the trial court that same day, after a plea colloquy. He was sentenced to be incarcerated for five years, consecutively to another five-year, formerly suspended sentence which had been revoked and which he was serving at the time he entered his plea. Nathan was further sentenced to ten years of post-release supervision, two years of reporting supervision and eight years of non-reporting.
¶ 3. Nathan now claims that the indictment to which he pled guilty was defective because it did not include the dates of the judgments in his prior convictions. He also claims that since he was not actually incarcerated for a year or more for either conviction, they were not properly used under the habitual offender statute. Finding that Nathan is not entitled to relief on either of these issues, we affirm the trial court’s judgment.
STANDARD OF REVIEW
¶ 4. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2012). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120,1122 (¶ 9) (Miss.1999).
¶ 5. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Dates of “Judgment”
¶ 6. In his first assignment of error, Nathan contends the amended indictment failed to adequately charge him as a habitual offender because it only includes the dates of “sentence” and not “judgment” as specified in Uniform Rule of Circuit and County Court Practice 11.03(1). The rule states that indictments “must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.”
¶ 7. We agree that Nathan’s indictment fails to fully comply with Rule 11.03, as the date of sentence and the date of judgment are not necessarily the same. See Grim v. State, 102 So.3d 1123, 1127 (¶ 10) (Miss.Ct.App.2010). Nevertheless, Nathan is not entitled to relief. This Court addressed and rejected the same argument in Hills v. State, 101 So.3d 691, 692-93 (¶¶ 5-7) (Miss.Ct.App.2012), and Jones v. State, 86 So.3d 931, 934 (¶¶ 11-12) *1097 (Miss.Ct.App.2011). In Hills, 101 So.3d at 693 (¶ 7), we held:
While the indictment did not specifically use the phrase “date of judgment,” it did include the dates Hills pleaded guilty to each prior crime, the nature of the crimes, the cause numbers, the sentencing dates, the length of each sentence, and the location in the minute books where each sentence was recorded. This information was more than sufficient to put Hills on notice of the prior crimes used to charge him as a habitual offender. See Mitchell v. State, 58 So.3d 59, 61 (¶ 10) (Miss.Ct.App.2011). Further, Hills stated under oath that he understood he was pleading guilty as a habitual offender under a plea agreement. He stated that he understood the maximum sentences of the charges against him and the recommended sentences being offered under the plea bargain. This issue is without merit.
¶ 8. Nathan’s indictment presented much of the same information. As amended, it provided with regard to Nathan’s prior convictions:
And the said SHELDON ORANGE (a/ k/a Sheldon Nathan) having been previously convicted [of] False Pretenses in Count 2 in Cause No. CR 2005-504-C(D) in the Circuit Court of DeSoto County, Mississippi, and sentenced on 7/17/2006 to serve a term of fourteen (14) days in the Mississippi Department of Corrections, followed by five (5) years Post Release Supervision;
And the said SHELDON ORANGE (a/ k/a Sheldon Nathan) having been previously convicted of Aggravated Assault in Cause No. 02-05931 in the Criminal Court of Shelby County, Tennessee, and Sentenced on 01/21/2003 to serve a term[ ] of three (3) years in the Tennessee Workhouse and three years probation.
Nathan also admitted to the convictions used as the basis for his habitual offender status, as shown by this exchange during the plea colloquy:
Q. Do you admit regarding both those counts that you’ve been convicted of the underlying felonies which have been admitted as exhibits which establish you as a 99-19-81 habitual offender?
A. Yes, sir.
¶ 9. We conclude that Nathan’s indictment was sufficient “to inform [him] with some measure of certainty as to the nature of the charges brought against him so that he [had] a reasonable opportunity to prepare an effective defense.” Moses v. State, 795 So.2d 569, 571 (¶ 13) (Miss.Ct.App.2001). This issue is without merit.
2. Time Actually Served
 ¶ 10. Nathan also argues that because he did not serve a full year for each of the two underlying felonies, they could not be used to support his conviction as a habitual offender pursuant Mississippi Code Annotated section 99-19-81 (Rev.2007). However, the fact that there was less than a year of actual incarceration does not affect the sufficiency of the sentences as evidence of habitual offender status. The statute is satisfied where the defendant was twice previously convicted of separate felonies and a sentence of one or more years was pronounced, regardless of subsequent probation or suspension of sentence. Weaver v. State, 497 So.2d 1089, 1096 (Miss.1986); Jackson v. State, 381 So.2d 1040, 1042 (Miss.1980). The same applies to post-release supervision. Fullilove v. State, 101 So.3d 669, 678-79 (¶ 35) (Miss.Ct.App.2012). This issue is without merit.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF *1098 THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.