# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-00041-SCT

*RAYMOND HELTON FRILEY, JR.*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 1/17/2001 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JANE CLELAND O'MARA |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE CONVICTION OF SEXUAL MOLES-TATION AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED - 08/05/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Raymond Helton Friley, Jr., was acquitted of sexual battery and convicted of child

molestation and sentenced to serve fifteen years in prison. In a decision dated June 24, 2003,

the judgment of the circuit court was reversed and rendered by the Mississippi Court of

Appeals with seven judges concurring and three dissenting. *Friley v. State*, 856 So. 2d 654 (Miss. Ct. App. 2003). After denial of the State's motion for rehearing, we granted the State's petition for writ of certiorari.[1]

## FACTS

¶2.     Nine-year-old Christy Malone[2] was swimming at her grandmother's pool when she encountered Friley, who was servicing the pool. According to Christy, Friley cornered her, placed a plastic bag in front of her face, put his hand in the bottom of her swimsuit, and inserted his finger into her vagina. Christy testified that Friley also "took his other hand and put it inside his pants, . . . moving his hand around." The assault lasted between five and ten minutes. Afterwards, Friley grabbed her and told her not to tell anyone what had occurred.

¶3.     In the years since the assault, Christy has had nightmares and anxiety attacks. Five years later Christy mentioned the incident to a friend at school. The friend contacted Christy's mother and told her about the assault. The authorities were contacted, and Friley was identified as the assailant. Christy positively identified Friley as the person who had assaulted her.

¶4.     Friley was indicted by the grand jury in Warren County for sexual battery without consent. The indictment alleged, in pertinent part, that Friley "willfully, unlawfully and

---

[1]"A petition for writ of certiorari is not a direct appeal from a judgment of the lower court." *Cohen v. State*, 732 So. 2d 867, 871 (Miss. 1998). "Absent a constitutional or statutory ban, there is no prohibition on the State's filing of a petition for writ of certiorari." *Id.* As in *Cohen*, Friley does not stand acquitted; therefore, Miss. Code Ann. § 99-35-103 does not limit the State's right to file this petition for writ of certiorari.

[2]A psuedonym.

feloniously engaged in sexual penetration as defined in Miss. Code 1972, Sec. 97-3-97, with

[Christy, without her consent], in violation of Miss. Code 1972, Ann. Sec. 97-3-95(a). . . ."[3]

A jury found Friley guilty of molestation.

¶5.    On appeal, the Court of Appeals held that the circuit court erred in finding that the

crime of molestation under Miss. Code Ann. § 97-5-23 (Rev. 2000) is a lesser-included

offense of sexual battery.  *Friley*, 856 So. 2d at 656.  Since Friley was acquitted of the only

crime for which he was indicted, the Court of Appeals reversed and rendered the judgment

of the circuit court.

## DISCUSSION

¶6.    The circuit court instructed the jury to find Friley guilty of molestation[4] as a lesser-

included offense of sexual battery "if the State has failed to prove any one or more of the

essential elements of the crime of sexual battery."  On appeal, Friley argued that molestation

is not a lesser-included offense of sexual battery, and the circuit court erred in giving the

instruction.  Friley further argued that he was not indicted for the crime of molestation and

he was acquitted of the only crime for which he had been indicted.

¶7.    On appeal the State first argued that Friley failed to preserve any objection regarding

the instruction and was procedurally barred from raising it on appeal.  The State alternatively

---

[3]The citation to the statute in the indictment contains a typographical error.  The correct citation is § 97-3-95(1)(a) (Supp. 1993).

[4]The terms "molestation" and "fondling" are used interchangeably by the parties and the Court of Appeals.  Both the Court of Appeals majority and dissent note that, regardless of the term used, Miss. Code Ann. § 97-5-23, the statute at issue, has also been called the "gratification of lust" statute and the "unlawful touching" statute.  We will use the term "molestation" since that is the term the jury used in its handwritten verdict.

argued that molestation is a lesser-included offense of sexual battery and that there was sufficient evidence to convict Friley of molestation.

## I. WHETHER FRILEY'S ARGUMENT ABOUT THE LESSER-INCLUDED OFFENSE JURY INSTRUCTION IS PROCEDURALLY BARRED.

¶8. The State argues that Friley failed to preserve an objection regarding instruction S-2 for appeal. The record reveals that the following colloquy occurred regarding instruction S-2:

> BY MR. DUGGINS: Judge, there was nothing brought out about another crime whatsoever. I'm going to object to this one.
>
> BY THE COURT: Well, I'm almost afraid not to give it Watkins but give me your objections. Recent cases from the Supreme Court basically say that the Court should give some -- I have to give certain instructions and I feel this is one of those that I should give.
>
> BY MR. DUGGINS: That you should give?
>
> BY THE COURT: As a lesser included offense since we do -- I'm just going from what you -- well, I'm just going from the Defendant's version as given by Detective Brown. That is what the told Detective Brown that in his version there was never any penetration. He does remember touching her.
>
> BY MR. DUGGINS: Okay.
>
> BY THE COURT: I'm going to give it.

¶9. The State contends that (1) Friley's attorney objected to S-2 solely on the ground that there was an insufficient evidentiary basis for the instruction; (2) the circuit court gave its

4

reasoning for giving the instruction and asked Friley's attorney to state his objections; and

(3) by saying "okay," defense counsel thereby acquiesced in the granting of the instruction.

¶10. Presiding Judge Southwick, in a concurring opinion, pointed out that "[t]here is ambiguity in what occurred."[5]  *Friley,* 856 So. 2d at 656 (Southwick, P.J., concurring). Judge Southwick reasoned that when defense counsel said "okay," he may have been indicating that he understood the trial judge's ruling, was not necessarily agreeing with him, and recognized that further argument was unnecessary: "There was definitely an objection. The objection was clear that counsel believed the new offense had not earlier been part of the case, . . . which is effectively stating that the new crime was not included in the indicted offense." *Id.* at 657.

¶11. We find that the objection made by Friley's trial counsel, although not artfully stated, was sufficient to preserve this issue for appeal.

## II. WHETHER MOLESTATION IS A LESSER-INCLUDED OFFENSE OF SEXUAL BATTERY.

¶12. The State next argues that molestation is a lesser-included offense of sexual battery, and that the Court of Appeals erred in reversing Friley's conviction.  For the reasons discussed below, we find that molestation may be a lesser-included offense to some types of sexual battery.[6]

---

[5]The majority did not address this issue.

[6]This is a matter of first impression.  We have held that molestation is not a lesser-included offense to forcible rape.  *Hailey v. State*, 537 So. 2d 411 (Miss. 1988); *see also* *Hopkins v. State*, 639 So. 2d 1247 (Miss. 1993); *Thompson v. State*, 468 So. 2d 852 (Miss. 1985) (conviction of sexual battery of a child reversed because insufficient proof of penetration; remanded for grand jury to consider re-indictment under molestation statute).

5

¶13. A jury may convict an accused of a lesser-included offense on trial of any indictment. Miss. Code Ann. § 99-19-5 (Rev. 2000); *Hailey v. State*, 537 So. 2d 411, 414 (Miss. 1988). The test for determining whether one offense is a lesser-included offense of another is:

> Whether applied for the benefit of the state or defense, in order to authorize such instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser-included offense. Also, there must be some evidence to support the lesser-included offense.

*Sanders v. State*, 479 So. 2d 1097, 1108 (Miss. 1985) (citing *Lee v. State,* 469 So. 2d 1225 (Miss. 1985); *Ruffin v. State,* 444 So. 2d 839 (Miss. 1984); *Lambert v. State,* 462 So. 2d 308 (Miss. 1984); *Colburn v. State,* 431 So. 2d 1111 (Miss. 1983); *Presley v. State,* 321 So. 2d 309 (Miss. 1975)).

¶14. The record shows that Friley was indicted for the sexual battery without Christy's consent and in violation of § 97-3-95(1)(a). At the time of the crime, the sexual battery statute provided that "A person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a]nother person without his or her consent . . . or [a] child under the age of fourteen (14) years." Miss. Code Ann. § 97-3-95 (Supp. 1993).[7] For purposes of this

---

(Smith, J., dissenting) (elements of sexual battery and molestation analogous to arguments regarding rape and molestation in *Hailey*). *Contra Brady v. State*, 722 So. 2d 151, 159-61 (Miss. Ct. App. 1998).

[7]This version of the statute was effective from and after July 1, 1993. It was amended in 1998, effective July 1, 1998, which is the current version. The 1998 amendment rewrote paragraph (c) and added paragraph (d) in subsection (1) and changed "of fourteen (14) but less than eighteen (18) years" to "under the age of eighteen (18) years" in subsection (2). At the time of the crime, a person convicted of sexual battery for the first time was to be sentenced for a period of not more than thirty years in prison. Miss. Code Ann. § 97-3-101 (Supp. 1995). The penalty statute was amended in 1998 and 1999.

statute, "sexual penetration" was, and continues to be, defined as "any penetration of the genital or anal openings of another person's body by any part of a person's body . . . ." Miss. Code Ann. § 97-3-97 (Supp. 1993). The molestation statute, in effect at the time of the crime, stated in pertinent part that it is a felony for

> [a]ny person above the age of eighteen years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, [to] handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of fourteen (14) years, with or without the child's consent, . . .

Miss. Code Ann. § 97-5-23(1) (Supp. 1995).[8]

¶15. Friley was indicted for sexual battery, which requires penetration. He was convicted of molestation, which requires touching. A plain reading of the statutes shows that sexual battery (penetration) includes molestation (touching). It is impossible to penetrate without touching.

¶16. We draw a reasonable inference from the circumstances that Friley's actions were done with the purpose of gratifying his lust, and Christy was under the age of 14 at the time of the incident. The molestation statute requires a showing of intent in that the State must prove that a defendant's actions were done "with . . . purpose." The sexual battery statute requires no such showing of intent -- the State must show only that the act was committed. We find, however, that, by his very acts of grabbing Christy, touching her genital area, and touching himself, he was gratifying his lust. There is absolutely no other reason why Friley

---

[8]This version of the statute was effective from and after July 1, 1995. It was amended in 1998, effective July 1, 1998, which is the current version. The 1998 amendment changed subsection (1) to "child under the age of sixteen (16) years" from fourteen (14) years.

would have performed these acts. It is well settled that intent can be inferred from a defendant's actions. *See, e.g., **Moody v. State***, 841 So. 2d 1067, 1092-93 (Miss. 2003).

¶17. Accordingly, we find that, under these particular circumstances, molestation is a lesser-included offense of sexual battery and the Court of Appeals erred when it reversed Friley's conviction.

**CONCLUSION**

¶18. Where penetration has been achieved by touching a child under the age of 14, molestation is a lesser-included offense of sexual battery. We therefore reverse the Court of Appeals' judgment and reinstate and affirm the circuit court's judgment.

¶19. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE CONVICTION OF SEXUAL MOLESTATION AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**