GRIFFIS, J., for the Court.
¶ 1. Charles David Hill was convicted on two counts of sexual battery and one count of burglary of a dwelling.[1] Hill was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with twenty years to serve and five years post-release supervision, on each count, with the sentences to run concurrently. On appeal, Hill argues that the trial court erred in failing to merge counts one and two of the indictment charging sexual battery. We find no error and affirm.
¶ 2. In the early morning hours of July 12, 2003, Charles David Hill broke into the home of his sister, Charene Badon. Char-ene’s step-daughter, S.W., and a friend, *376 C.M., were sleeping in the home. Hill entered S.W.’s bedroom and held a knife on the girls. Hill attempted to sexually assault S.W., but was dissuaded. Hill then sexually assaulted C.M., in the presence of S.W.
¶ 3. S.W. testified that Hill held a knife to C.M. and told her to take her clothes off. Hill then removed his clothes and performed oral sex on C.M. S.W. also testified that Hill made C.M. get on her knees and bend over. He then put his penis inside her. Hill then took money from Charene Badon’s purse and left the house.
¶ 4. Hill raises only one issue on appeal, whether his conviction of two counts of sexual battery are multiplicitous and should have been combined. This Court has consistently held that separate counts of sexual battery may be charged and supported by facts arising from one transaction. Winters v. State, 814 So.2d 184, 189 (Miss.Ct.App.2002); Alexander v. State, 811 So.2d 272, 281 (Miss.Ct.App.2001).
¶ 5. Count one of the indictment charged Hill with the wilful, unlawful and felonious sexual penetration of C.M. against the will and without the consent of C.M., a child at least fourteen years, but under the age of sixteen years, by then and there wilfully, unlawfully and feloniously inserting his tongue into the vagina of C.M., contrary to and in violation of Section 97-3-95 of the Mississippi Code Annotated (Rev.2000).
¶ 6. Count two of the indictment charged Hill with the wilful, unlawful, and felonious sexual penetration of C.M. against the will and without the consent of C.M., a child at least fourteen years, but under the age of sixteen years, by then and there wilfully, unlawfully and feloniously inserting his penis into the vagina of C.M., contrary to and in violation of Section 97-3-95 of the Mississippi Code Annotated (Rev.2000).
¶ 7. This case is analogous to Alexander v. State, 811 So.2d 272, 280(¶ 23) (Miss.Ct.App.2001), where this Court held:
even though all of these events took place on the same night and at virtually the same time, it does not necessarily lead to the conclusion that all of these crimes should be wrapped neatly into one little package. We find that the two separate counts of sexual battery are proper as Alexander violated S.A. by penetrating two separate orifices of her body, namely, her vagina and her anus, with his tongue. Furthermore, he attempted to penetrate her anus with his penis unsuccessfully, giving rise to the attempted sexual battery charge.... Alexander attempted to penetrate S.A.’s vagina with his penis unsuccessfully. All of these crimes are very separate and very distinct in alignment with the law. The fact that he committed them all in one night in a small time frame, does not constitute a triggering of the same transaction rule.
¶ 8. Here, Hill committed two separate acts of sexual battery. The first count charges that Hill inserted his tongue into C.M.’s vagina. This was an act of penetration as defined in Mississippi Code Annotated Section 97-3-97(a) (Rev.2000). In count two, Hill was charged with the insertion of his penis into C.M.’s vagina. This was a separate act of penetration. Hill violated C.M.’s body and this requires proof of a separate fact. Alexander, 811 So.2d at 281(¶ 25).
¶ 9. We find no error and affirm.
¶10. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS WITH FIVE YEARS TO BE SERVED ON POST-RELEASE SUPERVISION; COUNT II, SEXUAL BATTERY AND *377 SENTENCE OF TWENTY-FIVE YEARS WITH FIVE YEARS TO BE SERVED ON POST-RELEASE SUPERVISION TO RUN CONCURRENTLY WITH SENTENCE IN COUNT I; COUNT III, BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS WITH FIVE YEARS TO BE SERVED ON POST-RELEASE SUPERVISION TO RUN CONCURRENTLY WITH SENTENCES IN COUNT I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALT-HALL COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.

. In this appeal, Hill does not raise any issue related to the burglary conviction.