JAMES, J.,
for the Court:
¶ 1. Jonathan Mosby was convicted by a jury in the Washington County Circuit Court on one count of sexual battery and three counts of child fondling. Mosby was sentenced to thirty years for sexual battery and to fifteen years for each count of fondling, with all sentences to run consecutively. Mosby now appeals. Finding Mos-by’s assignments of error to be without merit, we affirm the judgment of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 4, 2006, I.B.,[1] an eleven-year-old minor child, reported to her *852 teacher that she had been touched sexually by Mosby, a family friend. School officials contacted the Greenville Police Department and I.B.’s mother, Laura Brown.[2] Lieutenant Misty Litton led the investigation for the Greenville Police Department. Litton arranged for I.B. and her three siblings to undergo forensic interviews at a family-crisis center in Oxford, Mississippi. During the interview, I.B.’s brother, S.B.,[3] also reported improper sexual contact with Mosby.
¶ 3. Mosby was arrested on April 14, 2006, and charged with one count of child fondling. After Mosby’s ari'est, S.B. told the police that another child, D.W., had confided to him that he had been inappropriately touched by Mosby. The police interviewed D.W., and he reported being touched sexually by Mosby on several occasions in 2005. On June 14, 2010, Mosby was indicted on one count of sexual battery and three counts of fondling.
¶ 4. A jury trial was held on April 12-14, 2011, in the Circuit Court of Washington County. At trial, Brown testified that Mosby was a childhood friend and was like a brother to her. She testified that Mosby would often take her children to eat at restaurants, and the children would often spend the night at Mosby’s house. I.B. testified that, on a night in February 2006, Mosby entered the room where I.B. slept, carried her into his bedroom, and sexually assaulted her by fondling her breast and penetrating her vagina with his fingers.
¶ 5. S.B. also testified at trial. He stated that the last time that he stayed at Mosby’s house, Mosby climbed on top of him and rubbed Mosby’s penis against S.B.’s penis. D.W. testified about several incidents of inappropriate sexual contact that occurred in 2005, when he spent time at Mosby’s house. D.W. also testified to a conversation he had with Mosby in July 2009, during which Mosby asked D.W. to lie about being touched.
¶ 6. The jury found Mosby guilty on all four counts named in the indictment. Mosby was sentenced to thirty years for sexual battery and to fifteen years on each count of fondling, with all sentences to run consecutively. Mosby filed a post-trial motion for a judgment notwithstanding the verdict (JNOV)) a new trial, reconsideration of the sentence, and reasonable bail pending an appeal. This motion was denied. Mosby now appeals raising the following issues: (1) whether the trial court erred in overruling his motion for a JNOV; (2) whether the jury instructions were invalid; (3) whether the trial court misapplied Mississippi’s tender-years exception to the hearsay rule; and (4) whether his convictions for the sexual battery and fondling of I.B. violated his double-jeopardy rights. Finding no error, we affirm.
DISCUSSION
I. Whether the trial court erred in overruling Mosby’s motion for a JNOV.
¶ 7. Mosby asserts that the trial court erred in overruling his motion for a JNOV as to the fondling charges in Count III and Count IV, arguing that the State failed to prove the date on which the instances of fondling occurred. Thus, Mos-by is challenging the legal sufficiency of the evidence.
¶ 8. A motion for a JNOV implicates the legal sufficiency of the evidence. Arbuckle v. State, 894 So.2d 619, 622 (¶ 16) (Miss.Ct.App.2004) (citing Bullins v. State, 868 So.2d 1045, 1048 (¶ 12) (Miss.Ct.App. *853 2004)). The Mississippi Supreme Court has held that “[w]hen reviewing a case for the sufficiency of the evidence, ‘the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Parker v. State, 962 So.2d 25, 26 (¶ 8) (Miss.2007) (quoting Bush v. State, 895 So.2d 886, 848 (¶ 16) (Miss.2005)). Additionally, “the evidence must show ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Id. The evidence will be deemed to have been sufficient if, keeping in mind the reasonable-doubt standard, “reasonable and fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense[.]” Id.
¶ 9. Count III charged Mosby with fondling D.W. between the first day of September 2005 and the thirty-first day of January 2006. D.W. testified to several instances of inappropriate touching that occurred in 2005 when he spent time at Mosby’s house. D.W. testified that on one occasion, Mosby fondled his penis while D.W. was attempting to apply lotion to a rash on his thigh. On another occasion, while D.W. was asleep in Mosby’s bed, Mosby rolled on top of him, “humped” him, and placed his penis on D.W.’s buttocks area. D.W. testified that one night, while he was asleep in Mosby’s bed, he awoke to find Mosby attempting to remove D.W.’s penis from his boxer shorts. According to D.W. these events occurred when D.W. was eleven and twelve years old, just prior to his moving to Oklahoma in January 2006.
¶ 10. Likewise, Count IV charged Mos-by with fondling S.B between the first day of October 2005 and the thirty-first day of March 2006. S.B. testified that he began spending time at Mosby’s house when he was seven or eight years old. S.B. testified that he stopped going to Mosby’s house as a result of an incident that occurred in 2006. S.B. stated that he was in bed with Mosby and that Mosby climbed on top of him. S.B. described the event as follows:
[Mosby] rolled on top of me[,] ... [and] the only thing I felt moving was his waist. He was holding [me] so tight I couldn’t even move[;] ... he was gripping ... [me] ... like he was mad at me for doing something .... And the only thing I felt was his waist and his penis against mine.
S.B. testified that when Mosby fell asleep, he sneaked out of bed and called Brown, his mother, to come pick him up. According to Brown’s testimony, this occurred in late February or early March 2006. Thus, S.B.’s testimony, taken together with Brown’s, places the event within the time frame set forth in the indictment.
¶ 11. Nevertheless, we have held that “an allegation of the date ‘of the offense is not an essential element of the offense charged in the indictment.’ ” Faulkner v. State, 109 So.3d 142, 149 (¶ 28) (Miss.Ct.App.2013) (quoting Daniels v. State, 742 So.2d 1140, 1143 (¶ 10) (Miss.1999)). Furthermore, “failure to precisely prove an offense occurred during a specific time period is not grounds for reversal. Within reasonable limits, proof of any date before the return of the indictment is sufficient.’ ” Id. We find that D.W.’s testimony that the events occurred in the months prior to his moving to Oklahoma in January 2006, and S.B.’s testimony that he was fondled the last time he stayed with Mos-by, which was established by Brown’s tes *854 timony to be late February or early March 2006, sufficiently placed Mosby’s conduct within charged time frame in order to sustain the convictions on Count III and Count IV. Accordingly, we find this issue to be without merit.
II. Whether the jury instructions were invalid.
¶ 12. Mosby next argues that the jury instructions were “facially invalid by their failure to note a specific date.” The element instructions, Jury Instructions 3-6, do not contain a specific date on which the offenses occurred, but instead contain the phrase “on or about the date testified about.” Mosby argues that the instructions, as given, were invalid, asserting “the State was required to prove that the alleged acts occurred during the time frame in which they were alleged in the indictment .... [The State] cannot skirt that obligation by filing jury instructions that contain no reference whatsoever to a specific date.”
¶ 13. “In determining whether error lies in the [giving] or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Johnson v. State, 823 So.2d 582, 584 (¶ 4) (Miss.Ct.App.2002).
¶ 14. We note that Mosby is procedurally barred from appellate review of this issue, having failed to object in the trial court to any defect in the jury instructions. See Davis v. State, 909 So.2d 749, 752 (¶ 13) (Miss.Ct.App.2005). Therefore, “any objection to this Court is now waived.” Id. Mosby’s waiver notwithstanding, for the reasons set forth below, we find no error in the jury instructions.
¶ 15. In support of his argument, Mos-by points to our decision in Moses v. State, 795 So.2d 569 (Miss.Ct.App.2001). Particularly, Mosby points to a passage in which we stated that “we would also instruct the trial court that it is even more important that a specific date be included in the jury instructions than in the indictment.” Id. at 574 (¶ 21) (quoting Wilson v. State, 515 So.2d 1181, 1183 (Miss.1987)). However, unlike here, the jury instructions in Moses contained no reference to any date. As we noted in the opinion:
The trial court only offered one generic instruction as to the elements of each of the various crimes set out in the indictment. None of these few pattern instructions purported to relate to a particular count in the indictment, either by reference to a date or to any particular set of facts .... Nowhere in the instructions is there a mention of a date or range of dates for any particular offense or any guidance to the jury as to how it was to relate any particular piece of evidence to that specific count in the indictment. It would be impossible, on the face of this record, to undertake any meaningful analysis of whether the State met its burden of proof on any count since there is no logical means by which the evidence may be tied to a particular incident.
Id. at 573-74 (¶ 21). That is not so in the case before us. Here, each count of the indictment contained a date or range of dates on which the offense purportedly occurred. The instructions contained the phrase “on the date testified about,” which is a reference to a date or range of dates, which the jury could determine from the evidence presented at trial. Furthermore, in a fondling or sexual-battery case, an allegation of the date of the offense “is not an essential element of the offense charged in the indictment.” Faulkner, 109 So.3d at 149 (¶ 28). We find that the jury instructions, as given, correctly stated the law as *855 to sexual battery and fondling. Accordingly, we find no merit to this issue.
III. Whether the trial court misapplied the tender-years exception to the hearsay rule.
¶ 16. Mosby next argues that the trial court misapplied the tender-years exception to the hearsay rule when it found that S.B. and D.W. were of tender years. Mosby argues that S.B. and D.W. were not entitled to the presumption of tender years because, although S.B. and D.W. both testified that they were twelve years old at the time the statements were made, they were actually thirteen years old. Therefore, pursuant to Mississippi Buie of Evidence 808(25), the trial court was required to make an on-the-record finding of their tender-years status. Mosby argues that the trial court’s tender-years determination regarding S.B. and D.W. was brief and contained no findings as to why either fell under the tender-years exception to the hearsay rule.
¶ 17. This Court employs “an abuse-of-discretion standard when reviewing claims that the trial judge erred by admitting hearsay.” White v. State, 48 So.3d 454, 456 (¶ 9) (Miss.2010) (internal citations omitted).
¶ 18. Rule 803(25), also known as the tender-years exception, provides:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
¶ 19. The Mississippi Supreme Court has held that “there is a rebuttable presumption that a child under the age of twelve is of tender years.” Veasley v. State, 735 So.2d 432, 436 (¶ 16) (Miss.1999). The supreme court has further held:
Where an alleged sexual abuse victim is twelve or older, there is no such presumption and the trial court must make a case-by-case determination as to whether the victim is of tender years. This determination should be made on the record and based on a factual finding as to the victim’s mental and emotional age. If the court finds that the declarant is of tender years, then it must still rule on the Rule 803(25)(a) and (b) factors before admitting the testimony.
Veasley, 735 So.2d at 436 (¶ 16).
¶ 20. Here, a tender-years hearing was held outside the presence of the jury. During the hearing, the court heard testimony from I.B., S.B., D.W., Brown, and several other witnesses. As to S.B. and D.W., the court found as follows:[4]
Now, on the issue of the statements of [D.W.] to [S.B.,] ... I find that [D.W.] was a child of tender years when this statement was made, as [were D.W.] and [S.B.] at the time ... of these occurrences back in [2006], so balancing all of these factors of the statements between [D.W.] to [S.B.] and vice versa, I think those are admissible. The statements of [D.W.] to ... [Litton,] ... I don’t think that’s admissible, because ... [D.W.] was a child of tender years in [2006] when all this took place but he wasn’t, I *856 believe, in [2009] because he can testify for himself.
¶ 21. Therefore, the trial court clearly made an affirmative finding of reliability concerning the statements of D.W. and S.B. Furthermore, Mosby does not assert that he was in any way prejudiced by the alleged misapplication of the tender-years exception. Accordingly, this issue is without merit.
IV. Whether Mosby’s convictions for the sexual batteiy and fondling of I.B. violated his double-jeopardy rights.
¶ 22. Finally, Mosby argues that fondling is a lesser-included offense of sexual battery; therefore, his separate convictions for sexual battery and fondling amount to multiple punishments violating his constitutional protections against double jeopardy. In support of his argument, Mosby cites to Friley v. State, 879 So.2d 1031, 1035 (¶ 17) (Miss.2004), in which the Mississippi Supreme Court found that under the “particular circumstances” of that case, “molestation is a lesser-included offense of sexual battery[.]”
¶ 23. Count I charged Mosby with the fondling of I.B. pursuant to Mississippi Code Annotated section 97-5-23 (Rev. 2006). Section 97-5-23(1) provides:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in Section 97-3-97, shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or be committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years, or be punished by both such fine and imprisonment, at the discretion of the court.
Miss.Code. Ann. § 97-5-23(1). Count II charged Mosby with the sexual battery of I.B. The sexual-battery statute provides that “[a] person in guilty of sexual battery if he or she engages in sexual penetration with ... [ajnother person without his or her consent ... or [a] child under the age of fourteen (14) years .... ” Miss.Code Ann. § 97-3-95(l)(a), (d) (Rev.2006).
. ¶ 24. In Friley the Mississippi Supreme Court found, under the “particular circumstances” of that case, that “molestation is a lesser-included offense of sexual battery,” and that “[i]t is impossible to penetrate without touching.” Friley, 879 So.2d at 1035 (¶¶ 15, 17). However, the Court later found in Tapper v. State, 47 So.3d 95, 103 (¶ 30) (Miss.2010), that “it is possible to commit an unlawful touching without committing sexual battery.”
¶ 25. Here, I.B. testified that Mosby carried her into his bedroom and removed her clothing. Mosby then began to rub and squeeze her chest area. I.B. testified that she told Mosby to stop, and that Mosby struck her in the mouth. According to I.B., Mosby “touch[ed] me all on my chest, then he had his finger down [there] and he was just ... touching me everywhere on my body[,] ... then he tried to kiss me on my face.” Later during her testimony, the following exchange took place between I.B. and the attorney for the State:
Q. Can you tell us specifically where he touched you.
*857 A. He touched my chest and my private part.
Q. How did he touch you on your chest?
A. He was like rubbing me and squeezing me.
Q. Did he touch you any place else?
A. Just my private and up here.
[[Image here]]
Q. What did he use to touch your private?
A. His hand.
Q. Can you tell us how he touched your private?
A. His fingers, he was just moving them everywhere.
Q. At any time did his fingers enter you?
A. Yes, ma’am.
Q. And what did you feel when his fingers entered you?
A. It hurt.
We find that I.B.’s testimony establishes two distinct criminal acts in that Mosby both fondled her breast and digitally penetrated her vagina. Thus, the evidence presented in this case does not support Mosby’s argument that his convictions for fondling merge with his conviction for sexual battery. Accordingly, this issue is without merit.
CONCLUSION
¶ 26. We have found Mosby’s assignments of error to be without merit. Accordingly, we affirm the trial court’s judgment of conviction and sentence.
¶ 27. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, FONDLING, AND SENTENCE OF FIFTEEN YEARS; COUNT II, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS; COUNT III, FONDLING, AND SENTENCE OF FIFTEEN YEARS; AND COUNT IV, FONDLING, AND SENTENCE OF FIFTEEN YEARS, WITH ALL SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ„ CONCUR. GRIFFIS, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. To protect the identities of the child victims of sexual abuse, we have substituted initials for their names.

. The names of the victim’s immediate family members have been altered.

. S.B. was twelve years old at the time the interview was conducted.

. Mosby does not challenge the court’s finding that LB. was a child of tender years; therefore, we do not address that finding here.