GRIFFIS, P.J.,
FOR THE COURT:
¶ 1. Kenny Stewart appeals his conviction of sexual battery and molestation; Based on the facts of this case, we find molestation is a lesser-included offense of and merges with sexual battery. Therefore, we affirm in part, and reverse and render in part.
FACTS AND PROCEDURAL HISTORY
¶2. On August 2, 2013, Monica Lewis went to work and left her children at home with Stewart, her boyfriend. Shortly after she arrived at work, Lewis noticed a stain on her clothes and returned home to change.. When she got home, Lewis realized her nine-year-old daughter, M.L., was not in her bedroom,[1] As a result, Lewis went to the bedroom she shared with Stewart and saw that the door was closed. When Lewis opened the door and turned on the light, she discovered M.L. in bed with Stewart. Specifically, M.L, was in the bed, on her back, with her hands behind her head. Stewart was in the bed, on his stomach, with his head between M.L.’s legs.
¶ 3. Stewart was indicted on Count I, sexual battery, and Count II, molestation. A jury trial was held during which M.L., Lewis, and an investigator with the Vicksburg Police Department testified. M.L. testified that on the morning in question, she went into her mother’s bedroom to look for a remote control. She found the remote and took it back to her bedroom. Later, M.L, returned to her mother’s bedroom to help Stewart look for a video-game accessory. Stewart asked M.L. to look on the bed under the pillow for the accessory. When she did not find it, Stewart asked M.L. to lie on her back in the bed and to take off her underwear. M.L. testified she could not see Stewart because he was under the covers, but felt Stewart’s tongue on her vagina and also felt his tongue inside of her vagina.
¶ 4. At the close of the State’s case-in-chief, Stewart moved for a directed verdict, which the circuit court denied. Stewart then rested. The jury returned a verdict of guilty on both counts. As to Count I, sexual battery, Stewart was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with twenty years to serve, five years suspended, followed by five years of post-release supervision. As to Count II, molestation, Stewart was sentenced to seven years - in the custody of the Mississippi Department of Corrections, with two years to serve, five years suspended, followed by five years of post-release supervision. The circuit court ordered the sentences to run consecutively, and further ordered Stewart to register as a sex offender upon release.
¶ 5. Stewart filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. On appeal,. Stewart argues: (1) the indictment failed to allege sufficient facts to put him on notice of the charges against him and to protect him from double jeopardy, and (2) the circuit court erred in failing to. dismiss Count II of the indictment.
ANALYSIS

I. Whether the indictment failed to allege sufficient facts to put Steivart on notice of the charges against him and to protect him from double jeopardy,

¶ 6. Stewart asserts the indictment against him was insufficient “because it *875 failed to allege specific facts to fairly inform him of the charges against which he must defend, and it lacked specific facts to enable him to plead double jeopardy in a future prosecution.” Stewart raises this issue for the first time on appeal. However, his failure to challenge the sufficiency of the indictment at the. circuit-court level does not bar us from considering the issue on appeal. See Williams v. State, 169 So.3d 932, 935 (¶ 8) (Miss. Ct. App. 2014) (“[I]t is settled that objections to the sufficiency of an indictment may be raised for the first time on appeal.”).
¶7. The legal sufficiency of an indictment is reviewed de novo. Id. at (¶ 7). The purpose of an indictment is
to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense and to enable him to effectively assert his constitutional right against double jeopardy in the event of a future prosecution for the same offense.
Moses v. State, 795 So.2d 569, 571 (¶ 13) (Miss. Ct. App. 2001).
¶ 8. Count I of the indictment is entitled “Sexual Battery Victim Under Age 14” and alleges Stewart:
[O]n or about August 2, 2013, in the County aforesaid, and within the jurisdiction of [the circuit c]ourt did willfully, unlawfully and feloniously engage in sexual penetration with a child[,] M.L.[,] who was under the age of 14 years, whose-date of birth was September 9, 2003[,] and who was twenty-four (24) or more months younger than said defendant[,] whose date of birth was September 16, 1984, in violation of Mississippi [Code Annotated section] 97-3-95(1)(d) [ (Rev. 2006) ], contrary to the statute in such cases made and provided, and against the peace and. .dignity of the State of Mississippi. - - ,
Count II-of the indictment is entitled “Molesting” and alleges Stewart:
[O]n or about August 2, in the’County aforesaid, and within the jurisdiction of [the circuit c]ourt.did willfully,.unlawfully, and feloniously, being a person above the age of eighteen (18) years, for .the purpose of gratifying his lust or indulging his depraved, licentious sexual desires, did handle, touch or rub with- -his hands or other parts of his body or some member thereof M.L., a child under sixteen (16) years of age, in violation of [Mississippi - Code Annotated s]ection 97-5-23 [ (Rev. 2006) ], contrary to the statute in such cases made and provided, and against the peace and dignity of the State of-Mississippi.
¶9. The indictment specifies each offense and ’corresponding statute, provides the date and location of each offense, identifies the victim and the -ages of the victim and the defendant, and notes that the acts. were, committed willfully, unlawfully, and feloniously. We find the indictment provided sufficient facts to notify Stewart of the charges against him and to enable him to plead double jeopardy in-the event of a future prosecution for the same offense. . .

II. Whether the circuit court erred in failing to dismiss Count II of the indictment.

¶ 10. Stewart next asserts the circuit court erred in failing to dismiss. Count II of. the indictment since there was no evidence to support a separate act of molesta-: tion. Stewart argues “[b]ecause [molestation] is a lesser-included offense of sexual battery, and because there was no testimony that [he] committed any other act of touching, the molesting, charge merges with the sexual battery charge.” Stewart *876 claims his separate convictions of sexual battery and molestation amount to multiple punishments for the same offense, in violation of his constitutional right against double jeopardy.
¶ 11. “We apply a de novo standard of review to claims of double jeopardy.” Woods v. State, 30 So.3d 362, 365 (¶ 8) (Miss. Ct. App. 2009) (citation omitted). “The constitutional protection at issue, commonly known as the double-jeopardy clause, is enforceable against the states through the Fourteenth Amendment.” Id. “Its protection prohibits, inter alia, multiple punishments for the same offense.” Id. “[W]here sufficient evidence exits to support- separate and distinct acts of fondling and sexual battery, separate indictable charges can properly stand- -without implicating jeopardy issues ... even if the criminal acts are closely connected or based op a common nucleus of fact[.]” Faulkner v. State, 109 So.3d 142, 148 (¶ 21) (Miss. Ct. App. 2013).
¶ 12. Under Mississippi law, sexual battery and molestation are separate and distinct criminal offenses. However, “molestation may be a lesser-included offense to some types of sexual battery.” Friley v. State, 879 So.2d 1031, 1034 (¶ 12) (Miss. 2004). In Friley, the nine-year-old victim was swimming in her grandmother’s pool when Friley “cornered her, placed a plastic bag in front of her face, put his hand in the bottom of her swimsuit, and inserted his finger into her vagina.” Id. at 1032 (¶ 2). Friley was indicted on the charge of sexual battery, but was ultimately convicted of molestation. Id. at 1032-33 (¶ 4). On' appeal, the Mississippi Supreme Court upheld Friley’s conviction and found that, ünder certain circumstances, “[w]here penetration has been achieved by touching a child under the age of 14, molestation is a lesser-included offense of sexual battery.” Id. at 1035 (¶ 18).
¶ 13. At trial, M.L: testified as follows:
Q. So did you feel his tongue on your vagina?
A. Yes.-
Q. Okay. Did you ever feel his tongue inside of your vagina?
A. Yes.
Q. Did you feel his tongue moving at all?
A. Yes.
The State argues M.L’s testimony sufficiently established two separate offenses. We disagree. “The State simply may not obtain convictions on separate, independent multiple charges without offering separate and independent proof to sustain each charge.” Clemons v. State, 482 So.2d 1102, 1106 (Miss. 1985). While the testimony shows Stewart touched and penetrated M.L.’s vagina, there was no testimony the two acts .occurred separately. In other words, there is no evidence of a touching separate from Stewart’s penetration of M.L.’s vagina with his tongue. Thus, as in Friley, penetration was achieved by touching.
¶ 14. In an attempt to distinguish Friley, the State relies on Mosby v. State, 134 So.3d 850 (Miss. Ct. App. 2014), and Faulkner v. State, 109 So.3d 142 (Miss. Ct. App. 2013). However, each of these cases involves separate and distinct sexual acts. In Mosby, -the victim’s testimony established two distinct criminal acts “in that Mosby both fondled her breast and digitally penetrated her vagina.” Mosby, 134 So.3d at 857 (¶ 25). In Faulkner, Faulkner admitted he made A.F. touch his penis on numerous occasions and also claimed to have participated in a separate act of penetration by putting A.F.’s penis in his mouth. Faulkner, 109 So.3d at 148 (¶ 23).
*877 ¶ 15. The dissent[2] correctly notes that under section 97-5-23, evidence of the unlawful touching of a child can be of any part of the child’s body as long as there is sufficient proof of the requisite lustful intent or licentious sexual desire. The dissent asserts the record reflects evidence that Stewart grabbed M.L’s arm to put her in the bed for his licentious sexual desires or his lustful intent. It is this act, the unlawful touching of M.L.’s arm, that the dissent claims supports a conviction of molestation.
¶ 16. The evidence on which the dissent relies is from M.L,’s statement to the Vicksburg Police Department.[3] .On cross-examination, M.L. was shown a transcribed copy of the statement she made to the police.[4] M.L. acknowledged that in her statement to the police, she stated Stewart “grabbed her by the arm and told her to get in the bed.”[5]
¶ 17. At no point during the trial did the State claim Stewart molested M.L. by touching or grabbing her arm. Instead, the State’s position throughout the trial was that Stewart molested M.L. by touching her vagina. In response to Stewart’s motion for a directed verdict as to molestation, the State did not cite or reference the grabbing of M.L’s arm. Instead, the State relied on M.L.’s trial testimony that she felt Stewart’s tongue on her vagina. Additionally, during closing arguments to the jury, the State again relied on M.L.’s testimony that she felt Stewart’s tongue on her vagina as evidence of molestation. Moreover, on appeal, the State cites M.L’s testimony that she felt Stewart’s tongue on her vagina as- support for Stewart’s conviction of. molestation. Thus, -at every stage of litigation, the State has relied on M.L.’s testimony that she felt Stewart’s tongue on her vagina as evidence of molestation. .
¶ 18. Now, for the first time, the dissent seeks to create a new argument for the State, that being the unlawful touching of M.L.’s arm. Although Stewart was aware of M.L.’s statement to the police, Stewart was never given notice that such facts would be the basis of thé State’s molestation claim. More importantly, Stewart was never given the opportunity to defend such an allegation, as it was never raised at trial. Instead, the entirety of the State’s case was based on the theory that M.L. felt Stewart’s tongue on and inside her vagina.[6] Thus, it is not reasonable to infer that Stewart was guilty of the unlawful touching of M.L.’s arm when no such allegation was submitted or even referenced to the jury.
¶ 19. Additionally, the verdict indicates the jury gave more weight and credibility to M.L.’s trial testimony, as opposed to' her statement to the police, since the jury found Stewart guilty of both molestation and sexual battery. Had the jury believed M.L.’s statement to the police, then there *878 would be. no evidence to support, the charge of sexual battery since M.L. never told the police that she felt Stewart’s tongue inside of her vagina. Thus, although the dissent relies heavily on evidence.from M.L.’s ■ statement to the police, we find such reliance is misplaced.
¶ 20. We do not find sufficient evidence exists to support separate and distinct acts of molestation and sexual battery. Instead, as in Friley, the evidence shows. penetration was achieved by touching a child under the age of fourteen, Thus, based on the facts of this case, molestation is a lesser-included offense and merges with the sexual-battery charge, As a result, Stewart’s conviction of Count II, molestation, violates the. Double-Jeopardy Clause. Accordingly, the judgment of the Circuit Court of Warren County is affirmed as to Count I, sexual battery, but reversed and rendered as to. Count II, molestation.
¶ 21; THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SEXUAL BATTERY, AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF . THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO REGISTER AS A SEX OFFENDER, IS AFFIRMED. THE JUDGMENT OF CONVICTION OF COUNT II, MOLESTATION, AND SENTENCE OF SEVEN YEARS, IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, FAIR, WILSON AND GÉEENLEE JJ., CONCUR. CARLTON, J„ CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. WESTBROOKS, J., NOT PARTICIPATING.

. We use the child’s initials to protect her identity.

. • For simplicity and ease of reading, we refer •to the separate opinion as the. "dissent” even though it concurs in part with our opinion.

. The complete statement was not introduced at trial and was not included in the record on appeal. Thus, we are unable to review- the complete statement, only those portions of the statement discussed by Stewart’s counsel at trial.

. The purpose of the police statement was to show the inconsistencies in M.L.’s testimony, since, during her statement to the pólice, M.L. never mentioned that she felt Stewart's tongue on her vagina or inside of her vagina. In fact, M.L. did not mention the act at all.

. At trial, M.L. testified that she did not remember Stewart grabbing her arm and telling her to get in the bed, and further testified that Stewart did not ask her to have sex with him.

. According to the investigator who testified, this case was originally investigated as one of sexual battery.