# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01373-COA

**JUSTIN HARRIS A/K/A JUSTIN CHANCE**            **APPELLANT**
**HARRIS A/K/A JUSTIN C. HARRIS**

**v.**

**STATE OF MISSISSIPPI**            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/13/2018 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN E. BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/12/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. A Warren County Grand Jury indicted Justin Harris on three counts of sexual battery of a child under the age of fourteen and one count of statutory rape of a child under the age of fourteen. On September 13, 2018, Harris was found guilty of all three counts of sexual battery. Harris now appeals his conviction and claims that the indictment was inadequate and failed to protect him from double jeopardy in a future prosecution. We find no error and affirm.

## FACTS

¶2.     On November 16, 2017, seven year old H.B.[1] was on the playground at South Park Elementary School in Vicksburg, Mississippi. Jerenisha Thomas, a student-teacher in H.B.'s first grade class, asked if she was alright. H.B. disclosed that her "stepdad puts his private part in [her] private part," and that she "[did not] like it when he [did] that." Thomas testified that when she asked H.B. what she meant, H.B. "described [her step-father] spitting on his fingers and putting it on his private part and then putting it inside her, saying that that was going to make it feel better, and he told her 'I do the same thing with your mom, and she likes it.'" Thomas immediately escorted H.B. to the front office to report her statements.

¶3.     Harris was indicted by the Grand Jury on January 25, 2018. Count I, entitled "Sexual Battery, Victim Under Age 14," of his indictment read as follows:

> [Justin Chance Harris] on or about October 2017 through November 2017, in the County aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully[,] and feloniously engage in sexual penetration with a child H.B. who was under the age of 14 years, whose date of birth was October 7, 2010 and who was twenty-four (24) or more months younger than said defendant whose date of birth was February 4, 1991 at the time, in violation of Mississippi Code [Annotated section] 97-3-95 (1)(d) [(Rev. 2014)], contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

Count II and Count III of Harris's indictment were identical to Count I in title and content.[2]

---

[1] In order to protect the identity of the minor child we will use initials.

[2] Count IV of the indictment charged Harris with statutory rape of a victim under the age of fourteen in accordance with Mississippi Code Annotated section 97-3-65(1)(b) (Rev. 2014). During a pretrial conference, the State chose not to prosecute Harris with the charge in Count IV because it felt that the charges of sexual battery "define[d] the same acts as the statutory rape." Harris never objected, and the court consented to a nolle prosequi.

Harris filed a demurrer to the indictment, claiming "the language of the indictment fail[ed] to properly define the manner in which the Defendant allegedly sexually penetrated the victim thereby giving him sufficient notice as to the basis of the charges against him." The trial court denied Harris's demurrer, and the trial began on August 28, 2018.

¶4.     M.B.,[3] H.B.'s mother, testified that she had lived in Harris's home with her three children, H.B., A.B., and L.B., since January, 2017.[4] M.B. testified that Harris was the primary care giver during that time because she worked as a licensed practical nurse at a nursing home and rehabilitation center in Vicksburg. M.B. told the jury that after H.B. had completed her forensic interview, H.B. told her "he's not going to turn you anymore either, Mommy." When M.B. asked what H.B. meant by that, she responded "[b]ecause he told me that everything he was doing to me he did with you too." H.B. then recounted how Harris "put his hand in his mouth and then put it on his [penis] . . . [a]nd then some gooey stuff came out."

¶5.     The State called H.B. to testify. At the time of trial, H.B. was seven years old. H.B. testified that Harris was "not a good person . . . . because he did bad things to me." H.B. indicated that Harris "put his privates in mine" while they were in Harris's bedroom at home. According to H.B. this happened on three separate occasions. The jury also heard the testimony of Amber Cope, a forensic interviewer for the Children's Advocacy Center of

---

[3] To further protect the identity of the child, the mother's real name is not used.

[4] We likewise use initials to refer to the mother's other two children.

Mississippi. Cope testified that H.B. had knowledge of certain information that corroborated H.B.'s story. Cope told the jury that H.B. was able to identify her "private spot" and Harris's "private spot" on the anatomical diagrams common in these interviews. H.B. also corrected Cope during the interview, was able to describe what Harris's ejaculate looked like, and that Harris had ejaculated "on her leg." All of these things indicated to Cope that the abuse likely occurred.

¶6. At the end of trial, the jury returned a verdict of guilty on all three counts of sexual battery. Harris's sole issue on appeal is the mirror image of his demurrer at the trial level. Harris claims that because the indictment failed to allege the specific type of penetration that occurred, the indictment was unnecessarily broad and leaves him exposed to future claims in violation of his right to be free from double jeopardy.

**ANALYSIS**

¶7. "The question of whether an indictment is defective is an issue of law and therefore deserves a relatively broad standard of review, or de novo review, by this Court." *Tapper v. State*, 47 So. 3d 95, 100 (¶17) (Miss. 2010). Indictments act as a method

> to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense and to enable him to effectively assert his constitutional right against double jeopardy in the event of a future prosecution for the same offense.

*Stewart v. State*, 228 So. 3d 872, 875 (¶7) (Miss. Ct. App. 2017) (quoting *Moses v. State*, 795 So. 2d 569, 571 (¶13) (Miss. Ct. App. 2001)). Rule 14.1(a)(1) of the Mississippi Rules of

4

Criminal Procedure sets forth guidelines for indictments in this state. The rule provides that the indictment must "be a plain, concise, and definite written statement of the essential facts and elements constituting the offense charged" so that the defendant can be "fully notif[ied]" as to his charges. Our supreme court has said the same: "[A]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007) (citing *Hamling v. United State*, 418 U.S. 87, 117 (1974)).

¶8. Harris claims that because the indictment does not specify which bodily organs were involved in the penetration, he is at risk to suffer double jeopardy if he were later prosecuted "based off a specific orifice and bodily organ." To support his argument, Harris cites this Court's opinion in *Alexander v. State*, 811 So. 2d 272 (Miss. Ct. App. 2001). In *Alexander*, the defendant was indicted for two counts of sexual battery, along with one count of attempted sexual battery and one count of attempted capital rape. *Id*. at 274 (¶1). Testimony at trial revealed that Alexander attempted to penetrate the victim's anus and vagina with his penis, force her to perform oral sex, and placed his tongue in both her anus and vagina. *Id*. at 275 (¶4). Alexander appealed the jury's guilty verdicts and argued on appeal that this Court should reverse and remand for a new trial that would "reduce his charges to only one offense," because they all arose from the same transaction. *Id*. at 276 (¶10). This Court

5

affirmed Alexander's conviction. *Id*. at 277 (¶11). We found that regardless of how close together each sexual assault occurred, they "should [not] be wrapped neatly into one little package." *Id.* at 280 (¶23). This Court did not address whether an indictment requires that each count specify the exact type of penetration that occurred in each count. Instead, we held that the requirement was that each sexual battery was required to be a separate count in the defendant's indictment because each act of penetration was a separate offense. *Id*. at 280-81 (¶¶23-25).

¶9. Harris also cites this Court's opinion in *Hill v. State*, 929 So. 2d 375 (Miss. Ct. App. 2006). Like *Alexander*, Hill was indicted for two counts of sexual battery. *Id*. at 375 (¶1). Hill broke into his sister's home and sexually assaulted her daughter's friend by performing oral sex on her and penetrating her with his penis. *Id*. at 376 (¶3). Hill appealed his conviction and claimed that the two counts of sexual battery should have been condensed into one count of sexual battery. *Id*. at (¶4). This Court relied on the previous holding in *Alexander* to affirm Hill's conviction. *Id*. at 376 (¶¶7-9). Under the same logic, we found that Hill had "committed two separate acts of sexual battery" because he had put his tongue and his penis into the victim's vagina. *Id*. at (¶8).

¶10. Harris's reliance on our holdings in *Alexander* and *Hill* is misplaced. Harris does not argue on appeal that his three separate convictions for sexual battery should be combined into one. Instead, he argues that the type of penetration should have been specifically identified in the indictment. *Alexander* and *Hill* do not require an indictment of sexual battery to

6

provide the exact methods of penetration but instead prevent prosecutors from lumping together every instance of a crime into one count of an indictment.

¶11. The supreme court dealt with a similar argument in *Tapper v. State*. Tapper was convicted of two counts of sexual battery and five counts of touching a child for lustful purposes. *Tapper v. State*, 47 So. 3d 95, 97 (¶1) (Miss. 2010). On appeal, he argued his indictment should have been quashed because the indictment failed to notify him of the nature of his charges. *Id*. at 98 (¶8). The supreme court held that Tapper's multi-count indictment was sufficient to inform him of the essential facts he was charged with, regardless of the fact that four identical acts were alleged. *Id*. at 101-03 (¶¶22-28). Specifically, the supreme court noted that "[t]he cold, hard facts are that even if these young, immature girls had the ability to describe to the prosecutor in adult terms and in the most graphic detail the acts which they said Tapper committed upon them, Tapper would not have been in any better position to prepare his defense 'that he didn't do it. . . .'" *Id*. at 102 (¶27). The same applies to Harris's appeal. Harris maintained that he never abused H.B. and that it was a misunderstanding. Like Tapper, Harris "would not have been in any better position to prepare his defense 'that he didn't do it'" had the State been required to include the specific type of penetration that occurred. *Id*.

¶12. A more recent decision from this Court, *Stewart v. State*, 228 So. 3d 872 (Miss. Ct. App. 2017), is more analogous to Harris's case. This Court's holding in *Stewart* squarely controls the indictment in this case. Count I of Stewart's indictment alleged sexual battery

7

of a victim under the age of fourteen with the following language:

> On or about August 2, 2013, in the County aforesaid, and within the jurisdiction of the circuit court did willfully, unlawfully and feloniously engage in sexual penetration with a child M.L. who was under the age of 14 years, whose date of birth was September 9, 2003 and who was twenty-four (24) or more months younger than said defendant whose date of birth was September 16, 1984, in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2006), contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

*Id*. at 875 (¶8). The indictments in *Stewart* are practically mirror images of the indictment in this case. In *Stewart*, this Court held that the indictment "specifie[d] each offense and corresponding statute, provide[d] the date and location of each offense, identifie[d] the victim and the ages of the victim and the defendant, and note[d] that the acts were committed willfully, unlawfully, and feloniously." *Id*. at (¶9). We find the same in this case. Harris's indictment was sufficient because it stated as follows:

> [Justin Chance Harris] on or about **October 2017 through November 2017, in the County aforesaid**, and within the jurisdiction of this Court, did willfully, unlawfully[,] and feloniously engage in sexual penetration with **a child H.B. who was under the age of 14 years,** whose **date of birth was October 7, 2010** and who was twenty-four (24) or more months younger than said defendant whose date of birth was February 4, 1991 at the time, **in violation of Mississippi Code [Annotated section] 97-3-95 (1)(d) [(Rev. 2014)]**, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

(Emphasis added). The indictment stated the same information as the indictment in *Stewart*.

That information in *Stewart* was sufficient to notify the defendant of the charge against him.

We find the same in this case. The credible evidence presented to the jury was that Harris inserted his "privates" into H.B.'s "privates." Finally, the indictment in this case would

8

empower Harris to plead double jeopardy if he were ever prosecuted again for the same offense of sexually penetrating the same victim during the same time frame provided for in this indictment.  Accordingly, we affirm Harris's conviction on all three counts of sexual battery.

¶13.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**